61    407
40SC  559

# Horn *versus* Brooks.

In ejectment by the grantee against the grantor, evidence of declarations and acts of the grantee before and after the execution of the deed tending to show misrepresentation and fraud by the grantee in procuring the execution of the deed is admissible.

March 22d 1869. Before THOMPSON, C. J., READ, AGNEW and WILLIAMS, JJ. SHARSWOOD, J., at Nisi Prius.

Error to the Court of Common Pleas of *Clearfield county*: No. 129, to July Term 1868.

[Horn *v.* Brooks.]

This was an action of ejectment by Sarah Brooks and John Brooks, in her right, against Daniel Horn, for a tract of land in" Brady township, containing 99 acres. The writ issued July 14th 1865.

On the trial, May 28th 1868, before Linn, P. J., the plaintiffs gave in evidence a deed dated July 17th 1864, from the defendant to Sarah Brooks, for the land in controversy; and rested.

The defendant offered to prove that the execution of the deed was procured by misrepresentation and fraud. This was objected to by the plaintiffs, rejected by the court, and a bill of exceptions sealed. The particulars of the offer and the grounds of objection are stated at large in the opinion of Judge Read.

The jury found for the plaintiffs. The defendant took a writ of error, and assigned the rejection of his offer for error.

*H. B. Swoope,* for plaintiff in error.—A party may give evidence that the execution of his deed was procured by misrepresentation and fraud: Chalfant *v.* Williams, 11 Casey 215; Chew *v.* Gillespie, 6 P. F. Smith 314; Maute *v.* Gross, Id. 255; Rearich *v.* Swinehart, 1 Jones 233; Parke *v.* Chadwick, 8 W. & S. 98; Miller *v.* Henderson, 10 S. & R. 292; Dinkle *v.* Marshall, 3 Binney 588; Christ *v.* Diffenbach, 1 S. & R. 464; Hill *v.* Ely, 5 S. & R. 366; Cozens *v.* Stevenson, Id. 425; Lyon *v.* Bank, 14 Id. 286; Buckley's Appeal, 12 Wright 496. The declarations and acts of parties are admissible to show their understanding of a contract: Hurst *v.* Kirkbride, cited in Wallace *v.* Baker, 1 Binney 616; Harvey *v.* Harvey, 2 Chan. Ca. 180; Stauffer *v.* Young, 3 Wright 455; Davidson *v.* Little, 10 Harris 251; Boardman *v.* Dean, 10 Casey 252; Zeigler *v.* Houtz, 1 W. & S. 541; Hamilton *v.* McGuire, 3 S. & R. 355; Watson *v.* Blaine, 12 Id. 138; Search's Appeal, 1 Harris 111.

*W. A. Wallace,* for defendants in error.—The only evidence that was admissible was of things which occurred at the execution of the deed: Stine *v.* Sherk, 1 W. & S. 195; Rearick *v.* Rearick, 3 Harris 66; Cozens *v.* Stevenson, 5 S. & R. 421; Christine *v.* Whitehill, 16 Id. 98; Druckenmiller *v.* Young, 3 Casey 97; Seitzinger *v.* Ridgway, 4 W. & S. 472; Zentmyer, *v.* Mittower, 5 Barr 403; Fry on Specific Performance 504, 505; Beeson *v.* Hutchison, 4 Watts 442; Lloyd *v.* Farrell, 12 Wright 73; Miller *v.* Smith, 9 Casey 386; Greenfield's Estate, 2 Harris 489.

The opinion of the court was delivered, March 27th 1869, by

READ, J.—The plaintiffs below claimed title under a deed from the defendant and his wife, dated July 17th 1864, for 98 acres 157 perches to Sarah Brooks.

Upon the trial the defendant offered to prove that this deed

[Horn v. Brooks.]

was obtained from him by misrepresentation and fraud. The defendant proposed to prove by a witness on the stand, and other witnesses, that about the time the deed given in evidence was made, he was engaged with others in the purchase of mining-rights in the vicinity of this property in controversy; that there was an excitement in the community on the subject of the purchase and sale of the right to mine coal, &c. ; that he was on his way to the place of Daniel Horn, to purchase his coal-right, when he met the plaintiff, Sarah Brooks; that she spoke to him of Horn's coal-right, and it was worth $100 per acre, &c., asked witness what he would give; that she expressed her intention of going to Horn's ; that she started in that direction and passed witness on the road; that she told witness at same time he (Horn) could sell his coal-right for enough to pay his debts; also the price paying for coal-rights to be followed by proof of the declaration of plaintiff that she had bought Horn's coal-right; that she had not bought his land; that she had bought nothing but the coal-right; that the consideration mentioned in the deed is grossly inadequate; that Horn is illiterate, and cannot read; that the contents of the deed were not made known to him; that immediately upon being informed that he had conveyed his land he repudiated the transaction; that no consideration was ever paid to him, and other circumstances tending to show that the deed was fraudulently obtained from him under the pretence that it was the conveyance of his coal or the right to mine coal, &c., and not his land.

To this it was objected that it was irrelevant, and could not be admitted to contradict or vary the terms of the deed, and that such proof was incompetent under the Statute of Frauds, and would not avail if proved to reform or change the plain terms of the deed.

The entire offer was rejected by the court, and in this they committed a clear error.

The evidence offered tended to prove gross misrepresentation and fraud on the part of the purchaser, and should have been admitted by the court. The decisions in Pennsylvania are uniform on this point. The rule is clearly laid down in Chalfant v. Williams, 11 Casey 215; Maute v. Gross, 6 P. F. Smith 255; Chew v. Gillespie, Id. 314, and in Rearich v. Swinehart, 1 Jones 233.

Judgment reversed, and *venire de novo* awarded.