## Sweetzer *versus* Atterbury.

1. Where real estate is held by a title, which is regular on its face, a bona fide mortgagee thereof or one claiming title under such mortgagee, is not liable to be affected by any secret trust or equity, if he be without notice thereof.

2. Where a conveyance absolute on its face, is in fact a mortgage, the payment of the whole mortgage debt by the mortgagor, can have no effect upon the title of a person claiming under the mortgagee, without notice of the true nature of his title.

3. An offer of evidence should aver, with reasonable distinctness and certainty, the facts sought to be proved. If it fails to do so, the Supreme Court will not reverse for a refusal to admit the offer in evidence.

4. Whenever error is alleged to the rejection of records or instruments of writing, a copy, thereof should be furnished, in order to enable the Supreme Court to determine as to its relevancy and sufficiency.

February 21st 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, STERRETT and GREEN, JJ. TRUNKEY, J., absent.

ERROR to the Court of Common Pleas of *Lackawanna county:* Of July Term 1881, No. 86.

Ejectment, by B. B. Atterbury and Olivia P., his wife, in her right, against Addison Sweetzer and others, for a lot of ground situate in the city of Scranton. Plea, not guilty.

On the trial, before MAYER, P. J., it was admitted that the title to the premises in question was in Addison Sweetzer on September 14th 1861. The plaintiffs claimed title as purchasers at sheriff's sale under a mortgage, and put in evidence the following chain of title:—

Judgment. October 15th 1862. Jos. W. Brock *v.* Addison Sweetzer. Fi. fa. and vend. ex. thereon ; sheriff's sale of premises in question as the property of Addison Sweetzer to Joseph H. Scranton for $50, and sheriff's deed to him, dated February 25th 1863.

1863, March 2d. Deed. Joseph H. Scranton and wife to James Jifkins et al.; consideration $18,000, recorded March 22d 1864.

Same date (March 2d 1863). Mortgage. James Jifkins et al. to Joseph H. Scranton to secure $16,200, in instalments ; with proviso that if default be made in payment of any instalment for ninety days after the same falls due, the whole mortgage shall become payable and a scire facias may issue, &c. Recorded March 7th, 1863.

1863, March 3d. Assignment of said mortgage. Joseph H. Scranton to William E. Dodge, executor ; consideration $12,000, recorded March 7th 1863.

1864, April 15th.  Assignment of said mortgage.  William E. Dodge, executor, to Olivia P. Atterbury (plaintiff).

1878, June 1st.  Judgment in scire facias sur mortgage, B. B. Atterbury and Olivia P., his wife; amount fixed by agreement at $14,340.  Lev. fa. exit.

1878, December 23d.  Docket entry.  Rule is granted to show cause why the judgment shall not be opened and Addison Sweetzer be permitted as terre-tenant to take defence; proceedings to be stayed meanwhile.

Counsel for the plaintiffs, by this, offer to show that this rule was taken by Mr. Ricketts for Sweetzer, and the case was then certified to Judge ELWELL, and every defence that the terre-tenant could ask to make came up on that hearing, on the depositions in the case on scire facias.  We have the opinion and decree of judgment of the court, and ask to have all this in, showing that he has had his day in court, and had every defence he could have raised.

Objected to; evidence admitted so far as it is on the record; exception.

1879, August 7th.  Rule discharged.

1879, August 9th.  Sheriff's sale, under al. lev. fa., of said mortgaged premises, to Olivia P. Atterbury, plaintiff; consideration $7,000, and sheriff's deed therefor to said Olivia P. Atterbury, plaintiff, dated and acknowledged August 14th 1879; duly recorded.  Plaintiffs then rested.

Defendant's counsel called Addison Sweetzer, the defendant, and made the following offers, quoted from the bill of exceptions:

"Counsel for the defendants propose to prove by this witness and after evidence, that the title under which the plaintiffs now claim, was transferred to the Jifkins through an arrangement with Addison Sweetzer to lend the sum of $18,000, or thereabouts, and take the property as security for the term of five years from March 1863, and that Joseph H. Scranton was put into the purchase at the sheriff's sale by which the transfer to the Jifkins was made, simply a nominal party, we, at the time, acting for William E. Dodge, who was the party lending the Jifkins the sum of $12,000 for which the mortgage, under which the proceedings presented by the plaintiffs were conducted; and that Joseph H. Scranton continued to act as the agent of William E. Dodge, and the agent of the present plaintiffs, Mrs. Atterbury, down to at least 1872, and that the whole transaction was simply one gotten up to transfer this property to the Jifkins in the manner agreed upon between them and Addison Sweetzer, and that Joseph H. Scranton's name was used simply as that of a nominal party to effect the transfer in

[Sweetzer *v.* Atterbury.]

such way as would be satisfactory to Joseph H. Scranton for the party lending the money to the Jifkins; that he, himself, had no part or parcel in it, save as such agent for the purpose of making it satisfactory to his principal.

" Counsel for the plaintiffs object to the offer, that it is irrelevant and incompetent; that no notice is proposed to be proved to Mr. Dodge, previous to the loan of the money, and no notice to Mrs. Atterbury, the purchaser of the mortgage from Mr. Dodge before the purchase, of any of the transactions between Sweetzer and the Jifkins. That this question has all been passed upon by this court in the very proceeding upon the scire facias and it is res adjudicata.

" Counsel for the defendant also propose to show that this mortgage was paid in full as between Sweetzer and the Jifkins, and that as between the Jifkins and these plaintiffs there have been such transactions and such evidences of collusion as warrants the deduction or inference that it was paid also to them.

" *The Court.* We think the exceptions are well taken.

" Evidence excluded ; exception.

" Counsel for the defendants offer in evidence the record of the case, Addison Sweetzer *v.* James Jifkins, James Jifkins, Jr., and Thomas Jifkins, defendants, in Common Pleas of Luzerne county in equity, No. 3, August term 1868. Offered for the purpose of showing the title of James Jifkins, James Jifkins, Jr., and Thomas Jifkins, under which these plaintiffs claim. The whole record of the case is put in, including the opinion of the court.

" Counsel for the plaintiffs object to the offer, as being entirely irrelevant and incompetent in this case, and that this same case and all this evidence has already been in evidence and passed upon in the scire facias upon the mortgage in the rule to open the judgment.

" *The Court.* Evidence excluded ; exception.

" Counsel for the defendants now propose to show by the second report of the master that in 1872 the amount of this Dodge mortgage, which the plaintiffs now claim under, was fully paid prior to their scire facias.

" *The Court.* Paid to whom ?

" To Dodge by the Jifkins.

" Evidence excluded ; exception."

The court instructed the jury to find for the plaintiffs. Verdict, accordingly, for the plaintiffs, and judgment thereon.

The defendant took this writ of error, assigning for error the admission in evidence of the docket entry of the rule to open judgment and let terre-tenant into a defense, and the rejection of the defendant's offers of evidence, as above.

[Sweetzer v. Atterbury.]

*A. Ricketts*, for the plaintiffs in error.—The fact that Sweetzer had obtained a rule to show cause why the judgment should not be opened and he be let into a defence to the action of scire facias on the mortgage, was offered and admitted for the purpose of showing that we had had a day in court for the presentation of our defence, and that the decision on that rule was res adjudicata, and thereby precluded us from again setting up our defence in this action of ejectment. That would have been so if the court had made that rule absolute and we had had a trial of the scire facias on the merits. But the court discharged the rule. That was not a day in court; it was the refusal of a day in court, at that stage. We therefore were entitled to our day on the trial of this ejectment: Wistar *v.* McManes, 4 P. F. Smith 318; Mcvey's Appeal 4 Barr 80. But the court held that the matter was res adjudicata, and directed a verdict for the plaintiff. The refusal of our rule was an interlocutory order, and an interlocutory order is never res adjudicata. Our property is thus taken from us without our constitutional right of a jury trial. Our title had previously been adjudicated by this court in our favor, as against the Jifkins, in Sweetzer's Appeal, 21 P. F. Smith 264. It is true the present plaintiffs were not parties to, and are therefore not bound by that decision; but, on the other hand, we were not parties to the plaintiffs' sci. fa., and are not bound by that judgment.. The plaintiffs here claim under the Jifkins title, and, as mortgagees, or purchasers at sheriff's sale under the mortgage, take only such title as the mortgagor had. The nature of the Jifkins title was therefore the very essence of the inquiry.

*W. H. Jessup* and *I. J. Post*, for the defendants in error. —The assignee of a mortgage takes subject to the equities of the mortgagor, but not as to latent equities of cestuis que trust of the mortgagor or other persons: Mott *v.* Clark, 9 Barr 399; Wethrill's Appeal, 3 Grant 281; Taylor *v.* Gitt, 10 Barr 428; McConnell *v.* Wenrich, 4 Harris 365; Mullison's Estate, 18 P. F. Smith 212; Pryor *v.* Wood, 7 Casey 142; Price on Liens 290.

The admission of the docket entry raised a question of law; its admission was proper, and could not injure the defendant. The record shows that all the questions involved in the offer by agreement of the parties had been submitted to the court and decided in the scire facias proceedings on the mortgage: Lewis *v.* Nenzel, 2 Wr. 225.

Sweetzer had the benefit of the money raised by the mortgage in question—it went to pay his debts. The plaintiff Mrs. Atterbury took her assignment of the mortgage in good faith without notice of any secret arrangement between Jifkins and

Sweetzer, and she is not affected thereby. The offers to prove such secret arrangement were therefore properly rejected.

Mr. Justice Mercur delivered the opinion of the Court, October 2d 1882.

This action of ejectment is to recover land purchased by the defendants in error, at sheriff's sale under a judgment obtained on a mortgage. The plaintiff in error seeks to attack the validity of the judgment, and thereby defeat the title acquired at the sheriff's sale. We think all the evidence offered insufficient for that purpose, and therefore rightly rejected.

It is not sufficient that the plaintiff in error was once the owner of the land, and caused the title thereto to be transferred to the Jifkins, whereby under a secret arrangement the latter held 'as mortgagees. They held the land by a title regular on its face, which to the eye of the world gave full power to execute a valid mortgage on the land. In fact it was conveyed to them for that purpose: Sweetzer's Appeal, 21 P. F. Smith 264. Relying on a title regular on its face, and without notice of any trust or equity affecting its force and effect, Dodge loaned the money to them and took the mortgage in question. The reference in the offer to the agency of Scranton in the transaction, is too vague and indefinite to affect Dodge with notice of the alleged arrangement between the plaintiff in error and the Jifkins. If, however, it was otherwise as to Dodge, there is no offer to prove that the defendant in error had any notice when she purchased the mortgage and took the assignment thereof. She purchased in good faith and the assignment to her was duly recorded. The assignee of a mortgage takes it discharged of the equities of persons not parties to it, of which he has no notice: Mott *v.* Clark, 9 Barr 399; Pryor *v.* Wood, 7 Casey 142.

The portion of the offer contained in the second specification that the mortgage was paid in full as between the plaintiff in error and the mortgagors, was properly rejected. No payment between them could satisfy the claim of the mortgagee. The further offer was clearly inadmissible to show that, as between the Jifkins and the defendants in error, " there have been such transactions and such evidences of collusion as warrants the deduction or inference that it was paid also to them." The offer gives no information in regard to what facts are proposed to be proved from which the alleged deduction or inference may be drawn. An offer of evidence should aver with reasonable distinctness and certainty the facts sought to be proved; without this, we are not able to say that the rejection of the offer caused any injury.

The fourth specification is also in disregard of our rules.

[Saylor *v.* Bushong.]

The offer was to prove " by the report of the master," that the amount of the mortgage was paid prior to the scire facias thereon. "The report of the master" is not set forth. It is not shown, so that we can say whether it would prove the fact alleged. Whenever error is alleged to the rejection of records or instruments of writing, a copy thereof should be furnished in order to enable us to determine as to its relevance and sufficiency.

We fail to see that the plaintiff in error was unduly prejudiced by the admission in evidence of the record referred to in the first specification.

The defendant in error in good faith purchased under proceedings on a judgment regular on its face. She took and holds discharged of all the alleged equities of which she had no notice. She does not need to show the proceedings on the rule taken by the plaintiff in error, to maintain her title. We discover no ground for reversal.

Judgment affirmed.