# Boyer v. Webber, Appellant.

*Decedent's estates—Distribution—Acceptance of bond and mortgage—
Legatee's purchaser.*

Where a son accepts from the executors of his father's estate a bond
and mortgage which was a part of the estate as a portion of his distribu-
tive share, he is a purchaser for value of the bond and mortgage.

*Sheriff's sale—Return—Record of return.*

A sufficient record of a sheriff's return of a writ under which real es-
tate is sold, appears where the record shows that a sale was held, that a
deed was acknowledged to the purchaser in open court, and duly entered
in the sheriff's deed book.

*Mortgage—Evidence—Title in mortgagor—Tax assessment.*

In an action by a purchaser in foreclosure proceedings to recover land,
the plaintiff may show that the land had been, over an extended period,
assessed in the name of the mortgagor.

*Mortgage—Assignment of mortgage—Latent equities.*

While an assignee of a mortgage takes it subject to all of the equities
of the mortgagor, he does not take it subject to latent equities in third
parties.

Where a married woman permits land paid for out of her separate estate to be taken in the name of her husband, and has knowledge of a mortgage of the land subsequently executed by the husband, she cannot assert title against an assignee of the mortgage who is without knowledge of her latent equity.

*Mortgage—Bond—Judgment—Lien of judgment—Relation back.*

While the lien of a judgment ordinarily runs only from its date, yet if it is founded on a statutory lien or mortgage debt, its lien relates back to the date of the lien of the claim or mortgage by which it is secured. Where the bond upon which the judgment is entered is shown to have been accompanied by a mortgage, it is notice that the lien of the judgment relates back to the lien of the mortgage.

.A purchaser at a sheriff's sale under a judgment entered on a bond accompanying a mortgage is, in respect to attack by holders of secret equities, as secure as if the sale had been under a judgment upon the mortgage.

Argued Dec. 2, 1902.   Appeal, No. 262, Oct. T., 1901, by defendant, from judgment of C. P. Schuylkill Co., May T., 1898, No. 26, on verdict for plaintiff in case of Jonathan D. Boyer v. Elizabeth Webber.   Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Proceedings by purchaser at sheriff's sale to recover possession of the land purchased.   Before MARR, P. J.

At the trial plaintiff offered in evidence the mortgage assigned to him by the executor.

Mr. Heblich : The object of offering this mortgage at this time is to show that at the time the mortgage was given there was also a bond executed bearing date the same date, which bond was subsequently entered of record, and the sale took place under the bond, for the purpose of showing that it is one and the same debt, and that the mortgage was secured for the bond and secured upon the premises in dispute.

Mr. Schalck : Objected to because as already stated by counsel the bond referred to, which was a judgment bond, has been entered up in court, judgment entered thereon and execution process issued thereon, and the sheriff's sale under which this plaintiff claims was had under the judgment entered on that bond.   We do not object to any evidence of the bond itself or the entry of judgment thereon, or the proceedings had thereon, but we do object to the introduction of this mortgage at this time.   It is neither relevant nor material, nor does it form any

part of the issue.   It only tends to mislead and confuse this case.   As shown by the records in this case, and the admission of counsel in open court, the mortgage is not in issue and forms no part of the proceedings under which the alleged sheriff's sale under which the plaintiff claims he secured title, and is therefore incompetent, irrelevant and immaterial at this stage of the case.

The Court: The mortgage having been given by Joseph Webber at the time that the bond was given under which the sale took place, we think that the title of the plaintiff or the purchaser at the sheriff's sale would date back to the date of the mortgage which was entered up as security of the payment of that bond, and we think that the plaintiff would have a right to show that the mortgage was taken at the time the bond was given and that the mortgage was duly entered and that the sale was in pursuance of the provisions of the judgment bond, which are referred to in that mortgage.   We, therefore, overrule the objection and admit the evidence.

Defendant excepts.   Bill sealed. [1]

Mr. Heblich: Then we have also a further assignment of the judgment and mortgage, which is as follows : Abraham Boyer et al. to Jonathan D. Boyer, mortgage dated December 30, upon a certain farm or tract of land situate in South Manheim township, and fully described.

Mr. Schalck: Note an objection to that assignment, so far as it covers the mortgage, the terms of which have already been objected to.

The Court: Assignment admitted.

Defendant excepts.   Bill sealed. [2]

Mr Heblich: We now offer the sheriff's deed from Alexander Scott, sheriff, to Jonathan D. Boyer, dated July 12, 1897, and acknowledged on July 29, 1897, in the open court of common pleas.   Entered in sheriff's deed book No. 12, fi. fa., page 78.

Mr. Schalck: What is that offered for, the purpose?

Mr. Heblich: For the purpose of showing that the sheriff afterwards executed a deed and delivered it to the plaintiff in this issue, for the premises described in the issue.

Mr. Schalck: Objected to, because there is no evidence of

any sheriff's sale having taken place under this writ of fi. fa., No. 45 July term, 1897.

There is no return on this writ of fi. fa., showing what action was taken under it, or what process was had, nor is there any return upon which the sheriff's deed now offered in evidence can be based. That in the absence of any return of this execution, or any other return to authorize the execution of a deed to this purchaser by the sheriff, no such deed can be admitted in evidence.

Objected to further, that the papers produced by counsel on the other side do not show any levy on the four several tracts in question here, and for the possession of which these proceedings are had. The only levy shown by the papers attached to this writ is a levy on one tract containing seventy-four acres, more or less, with the appurtenances, describing the improvements, and nothing more; that such a levy will not warrant a a sale by the sheriff of four separate and distinct pieces of ground, but it would pass and only hold good to the one tract so levied on. Therefore, that the attempted sale by the sheriff of four tracts of land, when only one has been levied on, is manifestly without power and authority, and that the execution of the sheriff's deed for the whole of said four tracts does not better it. That the deed now offered in evidence for four tracts of land in question, when only one tract of land has been levied upon by the sheriff, is unauthorized, illegal and void, and does not pass title, certainly not to the other three tracts, they having not been levied on.

We deny also that it vests the title to the one tract that was levied on, for reasons previously stated. It further appears, from the conditions of sale attached to this writ, that the sheriff undertook to sell on July 3, the whole four tracts in one lumping sale, which was clearly illegal and unauthorized, and did so sell, as shown by his return. Therefore, that a sheriff's deed of four separate and distinct tracts in one lumping sale, especially so in the absence of a return showing that such sale had been made in this way, and approved by the court, will not cure these manifest defects, and consequently the sheriff's deed now offered in evidence is inadmissible.

We object to the whole of the evidence as immaterial, inadmissible and incompetent at this stage of the case, and without

the necessary preliminary proofs to sustain the sheriff's deed now offered.

The Court: We will admit this deed.

Defendant excepts.   Bill sealed. [4]

Mr. Heblich: I also offer the assessments in reference to the property, showing that the assessment of this property was made as early as 1883 and continued down to 1897, in the name of Joseph Webber, showing that he claimed ownership to this property right along in his individual name.

Mr. Schalck: Objected to, because the mere assessment is no evidence whatever of the claim of ownership by any one, as it frequently occurs and is well known to practitioners that married women's property is often assessed in their husband's name.   It is argumentative and amounts to nothing.   The assessment is not evidence on the question of title as between this plaintiff and this defendant, Elizabeth Webber.   Objected to as irrelevant, incompetent and immaterial.

The Court: As bearing upon the question of his holding himself out as the owner of this property, we will admit the assessments.

Defendant excepts.   Bill sealed. [8]

Defendant presented, inter alia, the following points:

2. That the plaintiff seeks to recover the lands in controversy as the purchaser at a sheriff's sale thereof as the property of Joseph M. Webber, and that the only title he has shown, upon which to base a recovery in this action, is the deed from the sheriff, showing such sale to have been held under his judgment against said Joseph M. Webber, entered to No. 262, July term, 1897, and under the writ of fi. fa. issued thereon to No. 45, July term, 1897, and unless such sale under these proceedings gives him a valid title to said lands, superior to the equitable title of said Elizabeth Webber, and to the resulting trust in her favor therein, he cannot recover in this case. *Answer:* Overruled. [11]

2½. This present action of ejectment is not brought, nor is the plaintiff's title based on the mortgage executed on the lands in question on December 30, 1891, by Joseph M. Webber unto George Boyer, or on any proceedings had thereunder, and, therefore, the plaintiff's right to recover in this action is in nowise

strengthened by the existence of said mortgage or by the alleged assignment thereof to him. *Answer:* Overruled. [12]

3. That as against the equitable title to said lands and the resulting trust therein claimed by said Elizabeth Webber, the mortgage executed by Joseph M. Webber unto George Boyer on said lands, dated December 30, 1891, is of no avail, and said mortgage cannot affect or prejudice the rights of said Elizabeth Webber in this case, and the jury must wholly disregard and dismiss from further consideration the said mortgage in deciding the issue joined between said Jonathan Boyer and said Elizabeth Webber. *Answer:* Overruled. [13]

4. Neither does the assignment of said mortgage from the executors of George Boyer to said Jonathan Boyer affect or prejudice the said Elizabeth Webber in this case, or strengthen the title acquired by said plaintiff at said sheriff's sale, and the jury in deciding the issue joined between the plaintiff and said Elizabeth Webber must disregard and dismiss said assignment from further consideration. *Answer:* Overruled. [14]

5. This is no action of ejectment based on said mortgage, nor were there any proceedings ever had on said mortgage, and the plaintiff's title under which he seeks to recover. the land in controversy from Elizabeth Webber is in nowise based on said mortgage, or on any proceeding thereunder, and, therefore, said mortgage can in nowise affect or prejudice the rights of said Elizabeth Webber in the issue joined between her and said plaintiff in this case. *Answer:* Overruled. [15]

6. The undisputed evidence in this case showing that the plaintiff, Jonathan Boyer, had ample notice and knowledge for some years prior to the sheriff's sale, at which he purchased these lands as the property of Joseph M. Webber, and also at and before such sale itself, of the fact that Elizabeth's inheritance money had been used to pay the purchase money (in part if not in whole) for the lands in controversy, and of her equitable rights and interests therein,—he cannot be held to be an innocent purchaser; but he was put upon his guard, and it became his duty to make inquiry into these matters, and he is chargeable with the knowledge of all matters and things which a proper inquiry should have disclosed. *Answer:* Overruled. [16]

7. The undisputed evidence in this case further also shows

that George Boyer, before he loaned his money to Joseph M. Webber and took as security therefor the bond in evidence on which said judgment was entered and on which said execution process had issued, had notice and knowledge of the fact that Elizabeth Webber's money was used to pay the purchase money for the lands in question (in part, if not in whole) it became his duty to make further inquiry into the premises, and he is chargeable with all matters and things which he might, on proper inquiry, have learned concerning Elizabeth Webber's rights and equities in the premises. *Answer :* Overruled. [17]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1, 2, 4, 8) rulings on evidence, quoting the bill of exceptions ; (11–17) ; above instructions, quoting them.

*W. F. Shepherd* and *A. W. Schalck*, for appellant.—One who takes a conveyance of an estate in payment of an antecedent debt, and does not actually part with value, cannot be regarded as a bona fide purchaser, without notice, as against .the holder of the unrecorded instrument: Spackman v. Ott, 65 Pa. 131 ; Beck v. Uhrich, 13 Pa. 636 ; Uhrich v. Beck, 13 Pa. 639 ; Beringer v. Lutz, 179 Pa. 1 ; Beringer v. Lutz, 188 Pa. 364 ; Miller v. Baker, 160 Pa. 172 ; Gilchrist v. Brown, 165 Pa. 275.

A judgment creditor is not entitled to the protection of the purchaser of a legal title against an equitable owner, or his creditors, or to any advantage which his debtor had not.

*N. Heblich*, with him *I. A. Reed, H. O. Bechtel* and *G. H. Gerber*, for appellee.—The fact that the sheriff's deed was duly acknowledged in open court and delivered to the plaintiff, Jonathan D. Boyer, is a. full and complete return as is required by law: Smull v. Mickley, 1 Rawle, 95 ; Hinds v. Scott, 11 Pa. 19 ; Gibson v. Winslow, 38 Pa. 49 ; Cock v. Thornton, 108 Pa. 637.

A sheriff's sale on a bond secured by a mortgage is a sale under the mortgage: Pierce v. Potter, 7 Watts, 475 ; McGrew v. McLanahan & Drum, 1 P. & W. 44 ; Berger v. Hiester, 6 Wharton, 210 ; West Branch Bank v. Chester, 11 Pa. 282.

Jonathan D. Boyer, plaintiff in this case, took this mortgage together with $50.00 in money in full satisfaction of all claims and demands which he had against the estate of his father, George Boyer, the original mortgagee, and executed and de- livered to the executors of the said estate an absolute release in full satisfaction of such demands and claims. Under those circumstances he became a bona fide purchaser for value of this bond and mortgage, and therefore took it free, clear and dis- charged of any secret or latent equities which might exist or attempt to be set up or alleged by third parties, total strangers to the said bond and mortgage: Pryor v. Wood, 31 Pa. 142; Wethrill's Appeal, 3 Grant's Cases, 281; Twitchell v. McMur- trie, 77 Pa. 383; Lance v. Gorman, 136 Pa. 200; Lawrence v. Keener, 149 Pa. 402.

Evidence of assessments were proper : Miller v. Baker, 160 Pa. 172.

OPINION BY WILLIAM W. PORTER, January 20, 1903:

The plaintiff, Jonathan Boyer, accepted from the executors of his father's will in part payment of a distributive share of the estate, a bond and mortgage for $1,450, given to the dece- dent by Joseph M. Webber. Subsequently, interest was from time to time paid by the mortgagor. Upon default occurring, Boyer entered up the bond, issued execution against the land covered by the mortgage, and bought the property in at sheriff's sale. At the sale a notice was given on behalf of Elizabeth Webber (wife of the mortgagor), to the effect that, when the loan was originally made to Joseph M. Webber, the party " loaning on the bond and mortgage by virtue of which security, the property is this day being sold," knew that she, Elizabeth Webber, owned the property, and by the same notice she warned bidders and claimed title. Under a local act an issue was framed between Boyer and the Webbers, pursuant to the claim of title, which issue took substantially the form of an ac- tion of ejectment. The trial of this action is here for review. The court below directed a verdict for the plaintiff in a charge containing a review of the facts and some discussion of the law bearing upon them.

The plaintiff offered in evidence the deeds by which Joseph M. Webber acquired title; the bond under which the sale to

the plaintiff took place, and the accompanying mortgage.   He offered also the record of the judgment on the bond and the assignment of the bond and mortgage to the plaintiff, together with the sheriff's deed duly acknowledged in open court and entered of record.   He proved also possession in Joseph Webber at the time of the sale, and rested.

The defendants offered evidence showing that when Webber acquired title to the lands covered by the bond and mortgage held by the plaintiff, the cash purchase moneys were in large part furnished by the wife, out of her separate estate; that title was, against her wishes, taken in the name of her husband; that she knew of his borrowing the amount of the bond and mortgage in order to complete the purchase of one part of the property and that she never asserted title until the giving of the notice above referred to at the sheriff's sale.

When the plaintiff took the assignment of the bond and mortgage from the executors of his father's will in part payment of his distributive share, he became a purchaser of the bond and mortgage for value.   The release of his claims upon the estate, on receipt of the bond and mortgage and $50.00 in cash, was a valid consideration and made him a purchaser with the same effect as if he had received his distributive share in cash and had with the money, bought the bond and mortgage from the executors.   The claim of the defendant that the plaintiff took the bond and mortgage as a gift without consideration, is without merit, since there was no pretense that there was any specific bequest or gift of them.   Equally without value is the contention that the absence of proof of the sheriff's return of the writ under which the property was sold, invalidates the plaintiff's title.   The record shows that a sale was held, that a deed was acknowledged to the plaintiff in open court, and duly entered in the sheriff's deed book.   These facts constitute a sufficient record of a return: Hinds v. Scott, 11 Pa. 19; Gibson v. Winslow, 38 Pa. 49; Cock v. Thornton, 108 Pa. 637.

Another claim of the appellants is that in order to show title in the mortgagor, the plaintiff was permitted to prove that the lands had been, over an extended period, assessed in the name of the mortgagor.   The case of Miller v. Baker, 160 Pa. 172, justifies the introduction of such proof.

This brings us to the last question in the case. The title claimed by Elizabeth Webber is founded in a secret equity. She was no party to the record title. She permitted the title to the lands mortgaged to be taken in the name of her husband and, until the notice given at the sheriff's sale, slept on any rights she may have had. There is no evidence that the present plaintiff, when he took the assignment from the executors of his father's will, knew of any claim by Mrs. Webber of title to the property covered by the mortgage. There is some evidence showing that the plaintiff's father, the mortgagee, had some knowledge of the alleged fact that Mrs. Webber's money had gone into the property covered by the mortgage given by Joseph M. Webber, in whose name the title stood. Such knowledge as the mortgagee may have had, is not brought home to the assignee, the present plaintiff. It is often and rightly said that an assignee of a mortgage takes it, subject to all of the equities of the mortgagor. He does not however take it subject to latent equities in third persons. The reason for this is shown in Mott v. Clark, 9 Pa. 399, followed in Wethrill's Appeal, 3 Grant, 281. See also Pryor v. Wood, 31 Pa. 142; Sweetzer v. Atterbury, 100 Pa. 18; McConnell v. Wenrich, 16 Pa. 365. If the sale in this case had been under the mortgage and not under the bond the cases just cited would, beyond peradventure, sustain the action of the court below in directing a verdict in favor of the plaintiff.

It is however, argued that the sale by virtue of which the plaintiff took title was not made under the mortgage but under a judgment on the bond ; that the purchaser took only such title as had the obligor; that the bond was not entered up and made a lien until immediately preceding the sheriff's sale ; and that the sheriff's vendee took with notice that the defendant in the judgment had no title, but that Mrs. Webber herself was the real owner. This point is pressed hard. It has a superficial plausibility. But it overlooks the relation which exists between a bond and mortgage given for the same debt.

While the lien of a judgment ordinarily runs only from its date, yet if it is founded on a statutory lien or mortgage debt, its lien relates back to the date of the lien of the claim or mortgage by which it is secured. Where the bond upon which the judgment is entered is shown to have been accompanied by a

mortgage, it is notice that the lien of the judgment relates back to the lien of the mortgage : DeWitt's Appeal, 76 Pa. 283, and cases cited.

In the case before us we have not been furnished with a copy of the bond. We have a copy of the mortgage, which recites the terms of the bond which appear to refer to an accompanying mortgage. Furthermore in the notice given by the defendant at the sheriff's sale, the proceeding is referred to by her as a sale by virtue of a " bond and mortgage." The whole of the evidence shows that all parties knew that the bond and the mortgage were contemporaneously given and for the same loan.

The plaintiff as purchaser at the sheriff's sale, took title under a judgment whose lien related back to the lien of the mortgage. His title was, in respect to attack by holders of secret equities, as secure as if the sale had been under a judgment upon the mortgage itself.

The course taken by the court below in directing a verdict for the plaintiff was correct and the judgment entered is therefore affirmed.