# Muntz *v.* Whitcomb, Appellant.

*Deed—Conveyance—Testamentary paper—Life estate—Remainder.*

1. A paper which is in form a deed of conveyance, and by which title to real estate passes to the grantee subject to the life estate of the grantors excepted from the conveyance, is not testamentary in character, but is in both form and substance a deed of conveyance.

2. Such a paper after reserving a life estate for the grantors continued as follows: "It is understood by the parties hereto in the conveyance of the above property, that the said grantee is to have the use of the same and control of the same for his own benefit after the death of the grantors, he, the said grantee, after the death of the first parties hereto to occupy and use the same in trust for his heirs, after his death to go to them and be for their use and benefit, the ones it is understood and intended who are to get or inherit said property after the death of the said grantee, are to be his natural heirs, the to him nearest of kin or relation by blood, the same being then determined according to the laws then in force in Pennsylvania." *Held*, that the grant was of a life estate to the grantee with remainder in fee to his heirs at law, as the result of which the estates united in the grantee in fee simple.

*Evidence—Fraud and misrepresentation—Offer—Facts.*

3. A general offer to prove misrepresentation and fraud will not be entertained against objection. It is the duty of the counsel in making the offer to specify the facts proposed to be established.

4. A mere offer to show that at the time or prior to the execution of a deed the grantee promised to pay a debt owing by the grantor, does not support an allegation of fraud.

*Deed—Recital—Warranty—Estoppel.*

5. Where a deed recites a conveyance to the grantor and the recording thereof, the grantor is estopped from asserting that the deed to himself was never delivered. Such a recital also contradicts a covenant of warranty in his deed.

Argued April 13, 1909. Appeal, No. 3, April T., 1909, by defendant, from judgment of C. P. Warren Co., Dec. T., 1906, No. 52, on verdict for plaintiff in case of Anthony Muntz *v.* Clarence W. Whitcomb. Before Rice, P. J., Porter, Henderson, Morrison, Orlady and Head, JJ. Affirmed.

Ejectment for thirty-eight acres of land in Corydon township. Before Lindsey, P. J.

At the trial it appeared that the defendant, Clarence W.

Whitcomb, on June 16, 1902, executed and delivered a deed for the land in question, to the plaintiff, Anthony Muntz. Whitcomb had an interest in the land under a deed dated January 21, 1889, from Charles Whitcomb and wife, his parents, to himself. Defendant's mother survived her husband and died on November 23, 1906.

Mr. Ball: Counsel for plaintiff offers in evidence the deed, together with the record thereof, from Charles Whitcomb and Laura J. Whitcomb, to Clarence W. Whitcomb, bearing date January 21, 1889, acknowledged January 21, 1889, consideration recited $1,500. Recorded November 29, 1892.

Mr. Arird: What is the purpose?

Mr. Ball: Offered for the purpose of showing title in the plaintiff and that the deed is from the common source of title.

Objected to for the purpose stated and objected to as incompetent and irrelevant, and objected to as showing title in the plaintiff. [1]

Mr. Ball: Counsel for plaintiff also offers in evidence a deed, and the record thereof, from Clarence W. Whitcomb to Anthony Muntz, bearing date June 16, 1902, acknowledged the same day, consideration recited $1,500, recorded the same day, in deed book 89, p. 795.

Mr. Arird: We ask the purpose.

Mr. Ball: Offered as an instrument in the line of title, for the purpose of showing title in the plaintiff.

Objected to as incompetent and irrelevant.

The Court: Objection overruled for the present and exception sealed for defendant. [2]

Mr. Arird: We offer to show by this witness and others, the declarations and acts of the grantee at the time of the execution of the deed and before the execution of the deed from Clarence W. Whitcomb to Anthony Muntz, tending to show misrepresentations and fraud by the grantee in procuring the execution of the deed. To be followed with proof that prior to the execution of the deed that Anthony Muntz stated to the defendant that he would pay not only the consideration mentioned in the deed, but he would pay the excess value mentioned in

the deed of about $1,200. Further, that he would pay a judgment entered in the court of common pleas of Warren county, No. 211, December Term, 1900, wherein Anthony Muntz was plaintiff, and Clarence W. Whitcomb was defendant, for the sum of $116.48, and that he would pay other indebtedness of Clarence W. Whitcomb, and that since the execution and delivery of the deed he has neglected and refused to pay these and that Clarence Whitcomb, the witness and defendant, would not have executed the deed if it had not been for the acts and declarations made by Anthony Muntz to the defendant. This for the purpose of showing fraud on the part of the grantee.

And further to be followed by evidence showing the value of the property transferred was largely in excess of the value mentioned in the deed.

Objected to for the reason that the offer does not show anything that constitutes fraud and as incompetent and irrelevant.

The Court: Objection sustained and exception sealed for defendant. [3]

Mr. Arird: We propose to show the instrument in writing, offered by the plaintiff, was not delivered to Clarence W. Whitcomb, but was found after the death of Charles Whitcomb, his father. This for the purpose of showing that the title was not in the defendant but simply the right of possession as trustee in trust for others.

Objected to as incompetent, the offer not showing that Anthony Muntz, the grantor in the deed, knew or was informed at the time of his purchase of the alleged nondelivery of the deed from Charles Whitcomb and Laura J. Whitcomb to Clarence W. Whitcomb, and for the reason that the defendant is estopped from such showing by the recital in the deed, and generally as incompetent and irrelevant.

The Court: Objection sustained and exception sealed for defendant.

Mr. Arird: I will make the same proposition with the addition that Anthony Muntz, the plaintiff, knew that the deed was not delivered at the time of Charles Whitcomb's death. For the purpose of showing that this defendant simply had a right of possession as trustee in trust for others. [4]

Plaintiff presented these points:

1. The rule in Shelley's case applies to the deed from Charles Whitcomb and Laura J. Whitcomb to Clarence W. Whitcomb, and said Clarence W. Whitcomb took a title under said deed in fee simple to the lands described therein, subject to the life estates of the grantors, said Charles Whitcomb and Laura J. Whitcomb, reserved to them in said deed. *Answer:* This point is affirmed. [5]

2. Under all the evidence in the case the verdict of the jury must be for the plaintiff for the land described in the writ. *Answer:* This point is affirmed. We therefore instruct you, gentlemen, that under the facts and the law in the case your verdict should be rendered for the plaintiff. There is no question of fact for you to pass upon and you therefore can render your verdict in your seats, and the prothonotary will take your verdict for the plaintiff. [6]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–4) rulings on evidence, quoting the bill of exceptions; (5, 6) above instructions.

*D. U. Arird,* for appellant.—The paper was testamentary in character: Wood v. Schoen, 216 Pa. 425; Diehl's Est., 11 Pa. Superior Ct. 293; Coulter v. Shelmadine, 204 Pa. 120; Kisecker's Est., 190 Pa. 476.

*D. I. Ball,* for appellee.—In the case now before the court, the estate granted by the deed vested immediately in Clarence W. Whitcomb. The right to the use and possession of the premises was reserved to the grantors until the termination of the life estate at their death: Anspach v. Lightner, 31 Pa. Superior Ct. 218; Book v. Book, 104 Pa. 240; Cable v. Cable, 146 Pa. 451; Knowlson v. Fleming, 165 Pa. 10; Eckman v. Eckman, 68 Pa. 460.

OPINION BY HENDERSON, J., July 14, 1909:

A large part of the argument on behalf of the appellant is in support of the proposition that the instrument offered in evi-

dence by the plaintiff from Charles Whitcomb and Laura J. Whitcomb, his wife, to the defendant dated January 21, 1889, is not a deed for the conveyance of land, but a will, and that not having been proved as a will it did not transfer the title to the land therein described from the said Charles Whitcomb and wife to the defendant. This position is said to be supported by the line of cases holding that whatever the form of the instrument may be if it vest no present interest but only directs what is to be done after the death of the maker it is testamentary. There are numerous precedents which hold that, even where the instrument is in form a deed, if the manifest purpose is that it shall not take effect until after the death of the person making it, it shall operate as a will and not as a conveyance. Turner v. Scott, 51 Pa. 126, is a case of this class, as is also Harrison's Estate, 196 Pa. 576, to which the counsel for the appellant refers. It will be observed, however, on examination of the first of these cases that although the instrument was in form a deed of conveyance it contained an express proviso that the conveyance was in no way to take effect until after the death of the grantor and the estate was distinctly limited to take effect after his decease. Because of this provision it was decided that the instrument expressed a disposition of the property to take effect after the death of the maker and not before. No vested interest passed to the grantee in the lifetime of the grantor. The instrument was testamentary, therefore. In Harrison's estate the testator had made a will and later made further directions in regard to her estate on a separate piece of paper which the court held to be a codicil to her will. It was not the case of a paper in the form of a deed. It did not purport to vest a present interest in the persons named therein, and under all the facts disclosed by the testimony was clearly intended to be a part of the decedent's will. But the paper which we have under consideration has none of the features of a testamentary document. It is in form and substance a deed of conveyance by which the title passed to the grantee subject to the life estate of the grantors excepted from the conveyance. The right of possession retained by the grantors was not inconsistent with the grant of the remainder to the appellant. The interest of the

latter passed to him as a vested estate. The instrument contains all the essentials of a deed, and we do not find any provision therein showing an intent on the part of the makers that it should not take effect until after their death. That clause of it in which there was an apparent attempt to give a life estate to the defendant and after his death an estate in fee to his heirs "the same being then determined according to the laws then in force in Pennsylvania" has not the effect attributed to it by the learned counsel for the appellant. In a somewhat involved form of expression that is a direction that the descent go according to the laws in force at the death of Clarence Whitcomb. At the most this would only amount to a restriction of the right of alienation and does not change the character of the instrument or give it a testamentary effect. It is alleged, however, that if the instrument be a conveyance it is to the defendant in trust and that he had no estate in the land which could be affected by his deed to the plaintiff. After the reservation of the life estate to the grantors the deed contains the following: "It is understood by the parties hereto in the conveyance of the above property, that the said Clarence W. Whitcomb is to have the use of the same and control of the same for his own benefit after the death of the said Charles and Laura Whitcomb, he the said Clarence W. Whitcomb after the death of the first parties hereto to occupy and use the same in trust for his heirs, after his death to go to them and be for their use and benefit, the ones it is understood and intended who are to get or inherit said property after the death of said Clarence W. Whitcomb are to be his natural lawful heirs, the to him nearest of kin or relation by blood, the same being then determined according to the laws then in force in Pennsylvania." These words indicate an intention to give a life estate to the grantee in trust for his heirs; then follows a declaration of the understanding of the parties as to who are to be the grantee's heirs. The word "heirs" is here used in its legal sense as is shown by the direction that they are to be ascertained according to the laws in force in Pennsylvania at the time of the death of Clarence W. Whitcomb. The persons intended, are those upon whom the law casts the estate on the death of the ancestor. The grant, therefore, is of a life estate to

Clarence W. Whitcomb with remainder in fee to his heirs at law, as a result of which the estates united in Clarence W. Whitcomb. The case closely resembles that of Kepple's Appeal, 53 Pa. 211.

The offer to show misrepresentation and fraud by the grantee in procuring the execution of the deed as set forth in the third assignment of error was not sufficiently specific to justify the court in hearing the evidence. It proposed to show "the declarations and acts of the grantee at the time of the execution of the deed and before the execution of the deed from Clarence W. Whitcomb to Anthony Muntz, tending to show misrepresentations and fraud by the grantee in procuring the execution of the deed." The court was not able from this proposal to determine whether the evidence was relevant or not. There was no statement of facts to be established nor anything to indicate that the witness could testify to a matter material to the inquiry. An offer of evidence should disclose all the facts which are necessary to show that it is admissible; otherwise, the time of the court might be wasted in an examination which would come to nothing or perhaps divert the attention of the jury from the point in issue: Sweetzer v. Atterbury, 100 Pa. 18; Hill v. Truby, 117 Pa. 320. A general offer to prove misrepresentation and fraud will not be entertained against objection. It is the duty of the counsel in making the offer to specify the facts proposed to be established. This practice was adopted in each of the cases cited by the appellant: Chew v. Gillespie, 56 Pa. 308; Horn v. Brooks, 61 Pa. 407. That portion of the offer which proposed to prove that prior to the execution of the deed the plaintiff promised to pay certain indebtedness of the defendant and also the amount of the consideration named in the deed in excess of $1,200 does not support the allegation of fraud. If the promise was made at the time of the execution of the deed it would amount to an agreement for the payment of purchase money. If it was made before the contract for the purchase of land was entered into it would have no binding effect. If the fact were as stated in the offer it would not tend to establish fraud. The remainder of the offer does not propose anything which if proved would avail the defendant in an action of ejectment.

The appellant is not in a situation to aver that the deed from

Charles Whitcomb and Laura J. Whitcomb, to himself, was not delivered. In his conveyance to the defendant he recites that the land conveyed is "the same premises that were conveyed unto the grantor in this conveyance by Charles Whitcomb and Laura J. Whitcomb, his wife, the father and mother of this grantor by deed dated Jan. 21, 1889, and recorded in the recorder's office in Warren County, Pennsylvania, in Deed Book 71, page 773." This amounts to a proposal to prove that the defendant had no title to the land he conveyed and also contradicts the covenant of warranty in his deed. This he is estopped from doing. An estoppel may arise by implication from a grant that the party has an estate in the land and he will not be heard to deny it. A recital of one deed in another binds the parties: Carver v. Jackson, 29 U. S. 1. The defendant in his deed to the plaintiff recited the conveyance of Charles Whitcomb and his wife and that it was recorded in the recorder's office. This is conclusive against him on that point. The warranty of title also works an estoppel: Dart v. Dart, 7 Conn. 250; 1 Greenleaf's Evidence, sec. 23; Pelletreau v. Jackson, 11 Wend. 110.

The other assignments of error do not require special consideration. The action of the court was in accord with our view of the case.

The judgment is accordingly affirmed.