## Equitable Building and Loan Association v. Sullivan.

*Mortgages — Assignment—Latent equities of third persons — Estoppel— Purchaser for value.*

1. The rule that an assignee of a mortgage takes it free from latent equities of third persons unless he had actual or constructive notice at the time of the assignment does not apply where the assignee is not a purchaser for value and where the assignor has estopped himself from sustaining the priority of his mortgage as against a subsequent mortgagee.

2. A father executed a mortgage to his daughter. It was not given in payment of a debt nor did any money pass between them. Subsequently the father applied to a building and loan association for an additional mortgage. Upon receipt of a letter from the daughter, stating that the mortgage which she held had been "lifted and paid," the association paid the money to the mortgagor. The daughter then assigned her mortgage to X to secure him for a loan which he had previously made to her father. The association foreclosed its mortgage, bought the property at the sheriff's sale and sought to have the mortgage to the daughter satisfied: *Held*: That she had estopped herself from claiming priority for her mortgage over the building and loan association mortgage; that her assignee, not being a purchaser for value, was in no better position; and that the latter mortgage had priority.

3. A creditor taking a chose in action as collateral security for a pre-existing indebtedness is not a purchaser for value.

Case stated. C. P. No. 5, Phila. Co., March T., 1925, No. 6616.

*S. F. Potter*, for plaintiff.

*Byron, Longbottom, Pape & O'Brien*, for M. J. Sullivan.

MARTIN, P. J., June 25, 1926.—By agreement of the parties to this action, a case stated, in which the facts are agreed upon, is submitted to the court for an opinion. The material facts are, that the Equitable Building and Loan Association of Germantown, on Nov. 2, 1914, granted and conveyed to Jeremiah J. Sullivan the premises situate No. 437 East Woodlawn Street, in the 22nd Ward of the City of Philadelphia, in said case stated particularly described, taking from said Sullivan a purchase-money mortgage in the sum of $3000; that, subsequently, said Jeremiah J. Sullivan executed to his daughter, Anna May Sullivan, a mortgage upon said premises, dated Nov. 21, 1922, and duly recorded, together with bond and warrant in the principal sum of $10,000. This mortgage was not given to secure any debt or any money passing between the parties. On July 21, 1923, Jeremiah J. Sullivan executed another mortgage upon said premises, together with bond and war-

rant, in the sum of $5000, without reference to any prior mortgage; but the settlement on this mortgage and the payment of said $5000 was deferred until July 23, 1923, when said Anna May Sullivan gave to the said Equitable Building and Loan Association a paper writing, which read as follows: "July 23, 1923. Equitable Building and Loan Association. Dear Sirs: I am writing this note to inform you that the mortgage held by me on property 437 E. Woodlawn Avenue has been lifted and paid to me. I remain yours, Anna Sullivan;" upon the faith of which letter settlement was made and said $5000 paid to the mortgagor. On Feb. 26, 1924, by assignment duly recorded, Anna May Sullivan assigned and transferred unto Michael J. Sullivan the said $10,000 mortgage dated Nov. 21, 1922, together with the accompanying bond and warrant, which assignment was made at the request of Jeremiah J. Sullivan, for the purpose of securing Michael J. Sullivan for a loan of $5000, which he had previously made to Jeremiah J. Sullivan. Nothing has been paid to the assignee on account of said mortgage and it remains unsatisfied of record. Subsequently, the Equitable Building and Loan Association foreclosed its mortgage of $5000, dated July 21, 1923, and the premises were sold by the sheriff on Jan. 5, 1925, and purchased by said Equitable Building and Loan Association for $50.

On March 30, 1925, the Equitable Building and Loan Association filed its petition, praying for the satisfaction of the said $10,000 mortgage.

Under these agreed facts, the question submitted for determination by the court is whether the mortgage given by Jeremiah J. Sullivan to the Equitable Building and Loan Association of Germantown, dated July 21, 1923, and recorded in the office for Recording of Deeds in and for the City and County of Philadelphia, in Mortgage Book J. M. H., No. 3268, page 478, &c., securing upon the premises No. 437 East Woodlawn Street, payment of the principal sum of $5000, should become prior in lien to the mortgage executed by Jeremiah J. Sullivan to Anna May Sullivan as mortgagee, dated Nov. 21, 1922, and recorded in the office for Recording of Deeds aforesaid, in Mortgage Book J. M. H., No. 2800, page 291, &c., securing upon the same premises, No. 437 East Woodlawn Street, payment of the principal sum of $10,000. If the court should be of the opinion that the mortgage dated July 21, 1923, is entitled to priority of lien over the mortgage dated Nov. 21, 1922, a decree shall be entered in favor of the petitioner determining the order of lien on said premises, No. 437 East Woodlawn Street, Philadelphia, as of Jan. 5, 1925, the date upon which said premises were sold. If the court should be of opinion that the mortgage dated Nov. 21, 1922, is entitled to priority of lien, a decree shall be entered in favor of the respondents, determining the interest of each, under the mortgage dated Nov. 21, 1922, and the assignment thereof.

The petitioner contends that the said second mortgage, in the principal sum of $10,000, is without consideration; that the assignment is without consideration; that the assignment was given to secure a pre-existing debt; and that, under these circumstances, the assignee is not a purchaser for value and takes only such rights thereunder as Anna May Sullivan had at the time of the assignment.

The respondents contend that the mortgage to Anna May Sullivan was for a good consideration, she being the daughter of the mortgagor; that the question of a sufficient consideration for the assignment from Anna May Sullivan to Michael J. Sullivan cannot be raised by a junior encumbrancer; that the assignee takes the mortgage subject to any equities of the mortgagor and not to latent equities of third persons, unless he had actual or constructive notice thereof at the time of the assignment; and that the petitioner is guilty

of laches in waiting until Sept. 10, 1924, before taking any steps looking to the satisfaction of the $10,000 mortgage.

The rule is well settled in Pennsylvania, as contended by the respondents, that "an assignee of a mortgage takes it subject to all the equities of the mortgagor, but not to the latent equities of third persons, unless he had actual or constructive notice at the time of the assignment: Mott v. Clark, 9 Pa. 399; McConnell v. Wenrich, 16 Pa. 365; Sweetzer v. Atterbury, 100 Pa. 18; Boyer v. Webber, 22 Pa. Superior Ct. 35. This rule applies where the assignee is a purchaser for value. Should the same rule apply where the assignee is not a purchaser for value and where the assignor has estopped herself from sustaining the priority of her mortgage as against a subsequent mortgagee? Under the evidence in this case, Michael J. Sullivan was not a purchaser for value of the $10,000 mortgage. "A creditor taking a chose in action as collateral security for a pre-existing indebtedness is not a purchaser for value:" Ashton's Appeal, 73 Pa. 153; Callendar v. Kelly, 190 Pa. 455; King v. Mellon National Bank, 227 Pa. 22; Crawford v. Dollar S. F. & T. Co., 236 Pa. 206. And, generally, the consideration for a transfer is held to be "no concern of the mortgagor and he cannot be permitted to impeach it, nor can a junior mortgagee do so:" 27 Cyc., 1284; Saenger v. Nightingale, 48 Fed. Repr. 708. It is very evident that the reason for the rule that the mortgagor or a junior mortgagee cannot impeach the consideration passing between assignee and assignor is that such mortgagor or junior mortgagee can have no interest in the assignment. As to the mortgagor, it cannot make any difference to him how the assignee acquires title, so long as the mortgage is unpaid and the mortgagor has no defence against it; and as to a junior mortgagee, so long as a valid mortgage precedes it, it cannot affect or prejudice him in any way because of the consideration or want of consideration for the transferring of a valid subsisting mortgage; but where these reasons for the rule fail, and where a junior mortgagee is affected by some action of the assignor while he was holding the mortgage and the assignee has paid no consideration for the transfer, the assignee is in the nature of an agent for the assignor and simply holds the legal title thereto for the purpose of its collection and applying the proceeds as the assignor may direct. In this case the assignor, Anna May Sullivan, by her declaration that the mortgage was "lifted and paid," upon the strength of which the junior mortgagee paid over its $5000, has clearly estopped herself from claiming priority for her mortgage over the mortgage immediately following, and as against this subsequent mortgage, from asserting that her mortgage is unpaid. Her assignee, who took this $10,000 mortgage without paying anything therefor, without any agreement to extend time or give forbearance in the collection of a debt which the father of the assignor then owed the assignee, is a bare holder of the legal title to the mortgage assigned, with the right in the assignor to demand its retransfer at any time she might see fit; and this being so, the junior mortgagee is in position to assert the lien of his mortgage as prior to that of the mortgage so assigned.

And now, to wit, June 25, 1926, the court, therefore, adjudges the question submitted for determination as follows:

1. The mortgage given by Jeremiah J. Sullivan to the Equitable Building and Loan Association of Germantown, dated July 21, 1923, and recorded in the office for Recording of Deeds in and for the City and County of Philadelphia, in Mortgage Book J. M. H., No. 3268, page 478, &c., securing upon the premises, No. 437 East Woodlawn Street, Philadelphia, the payment of the principal sum of $5000, is prior in lien to the mortgage executed by said Jere-

miah J. Sullivan to Anna May Sullivan, dated Nov. 21, 1922, and recorded in the office for Recording of Deeds aforesaid, in Mortgage Book J. M. H., No. 2800, page 291, &c., securing upon the same premises, No. 437 East Woodlawn Street, the payment of the principal sum of $10,000.

2. It is further ordered, adjudged and decreed that the order of lien on the premises, No. 437 East Woodlawn Street, Philadelphia, as of Jan. 5, 1925, is as follows:

First. Purchase-money mortgage in the principal sum of $3000, dated Nov. 2, 1914, given to the Equitable Building and Loan Association of Germantown and recorded in the office for Recording of Deeds in Philadelphia County, in Mortgage Book E. L. T., No. 677, page 170, &c.;

Second. Mortgage in the principal sum of $5000, dated July 21, 1923, given to the Equitable Building and Loan Association of Germantown and recorded in the office for Recording of Deeds aforesaid, in Mortgage Book J. M. H., No. 3268, page 478, &c.; and

Third. Mortgage in the principal sum of $10,000, dated Nov. 21, 1922, given to Anna May Sullivan and recorded in the office for Recording of Deeds aforesaid, in Mortgage Book J. M. H., No. 2800, page 291, &c. The last mentioned mortgage having been assigned by said Anna May Sullivan to Michael J. Sullivan on Feb. 26, 1924, which assignment is recorded in the office for Recording of Deeds aforesaid, in Assignment of Mortgage Book, No. 908, page 311, &c.