## De Witt's Appeal.

76 ‾‾283‾
22 SC ⁵ 45

1. Funk gave Harris a mortgage to secure a bond of same date; the condition of the bond was recited *totidem verbis* in the mortgage; on the margin of the bond was written: "Mortgage bond. See U. S. stamp on mortgage." After recording this mortgage, Funk gave another to Miller. Afterwards Harris sued Funk on the bond and filed in the suit an exact copy of the bond (including the marginal memorandum) as her claim; she obtained judgment in this suit against Funk, and assigned it on the record to Shoemaker; she afterwards entered satisfaction on the record of her mortgage; "satisfaction" was noted also on the mortgage index of her mortgage. Afterwards De Witt took an assignment of the Miller mortgage. In the distribution of the proceeds of the sheriff's sale of Funk's land, *Held*, that the transfer of the judgment carried the mortgage with it; the lien of the judgment was carried back to the date of the recording of her mortgage, and the entry of satisfaction being void as to the assignee of the judgment, De Witt was postponed to Shoemaker.

2. The assignment was a fraud on the assignee of the judgment; the subsequent mortgagee was not prejudiced by it, and could not be benefited by it.

3. The lien of the Harris mortgage remained after the entry of satisfaction as before; Miller as subsequent mortgagee was in no better or worse position than she was before.

4. A copy of the bond on which the judgment was obtained being filed in the suit, showed sufficient to put De Witt upon inquiry as to the mortgage; he had therefore constructive notice that it was for the same debt as the mortgage and that the entry of satisfaction was void.

5. If a judgment is founded on a statutory lien or a mortgage-debt, its lien relates back to the date of the lien of the claim or the mortgage.

6. Hartz v. Wood, 8 Barr 471; Moore v. Cornell, 18 P. F. Smith 320, followed.

May 21st 1874.   Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR and GORDON, JJ.

Appeal from the Court of Common Pleas of *Dauphin county*: No. 44, to May Term 1874. In the distribution of the proceeds of the sheriff's sale of the real estate of Elizabeth S. Funk and C. S. Funk her husband.

After the payment of uncontested liens, $397.74, the balance of the proceeds of sale were paid into court, and Robert Snodgrass, Esq., appointed auditor to report distribution.

The claimants for the fund were Wallace De Witt and John J. Shoemaker.

On the 1st of June 1869, Mrs. Funk and her husband made a bond to Keziah E. Harris as follows:—

[De Witt's Appeal.]

*"* MORTGAGE BOND. *" SEE U. S. STAMP ON MORTGAGE."*

"Know all men by these presents, that we, Elizabeth S. Funk and Christian S. Funk, of Halifax, Dauphin county, Pa., are held and firmly bound unto Keziah E. Harris, of Upper Paxton, Dauphin county, Pa., in the sum of $1400, good and lawful money of the United States, to be paid to the said Keziah E. Harris, or to her certain attorney, executors, administrators or assigns. To which payment, well and truly to be made, we bind ourselves, our heirs, executors and administrators, and every of them, firmly, jointly and severally by these presents. Sealed with our seal, and dated the first day of June, in the year of our Lord 1869.

"The condition of this obligation is such, that if the above bounden Elizabeth S. Funk and Christian S. Funk, their heirs, executors, administrators, or any of them, shall and do well and truly pay, or cause to be paid, unto the above-named Keziah E. Harris, or to her certain attorney, executors, administrators or assigns, the just and full sum of $700 in manner following, to wit: $100 July 1st 1869; $100 August 1st 1869; $100 September 1st 1869; $100 October 1st 1869; $100 November 1st 1869; $100 December 1st 1869; and the remaining $100 January 1st 1870, without fraud or delay; then the above obligation to be void and none effect, or else to be and remain in full force and virtue.             · E. S. FUNK, [L. S.]
                                          C. S. FUNK, [L. S.]"

Endorsed—" Mortgage-bond for $700."

On the same day they executed to Keziah Harris a mortgage on a farm belonging to Mrs. Funk, to secure the payment of this bond, which was recited in the mortgage and the condition set out *in totidem verbis.* The mortgage was recorded July 6th 1869.

On the 13th of July 1869, the same Mrs. and Mr. Funk executed and delivered to Margaret Miller a mortgage on the same property to secure the payment of $750. This mortgage was recorded July 15th 1869.

To November Term 1869, Keziah Harris instituted an action of debt in the Court of Common Pleas of Dauphin county, and on the 15th of December filed a statement and copy of the bond as above given. The statement was as follows:—

"This suit is brought to recover the amount of a certain bond entered into by defendants to the plaintiff in this case, a copy of which is hereto attached and made part of this statement, and plaintiff avers that no part of the same has been paid, wherefore plaintiff demands judgment for the amount thereof against defendants."

On the 11th of April 1870, a judgment was confessed by the defendants to the plaintiff in the suit for $484, and on the same

[De Witt's Appeal.]

day this judgment was assigned on the record to John J. Shoemaker. On the 17th of March 1871, Keziah E. Harris entered on the record satisfaction of the mortgage to her, and on the indexes in the recorder's office both of mortgagors and mortgagees, the mortgage was marked "satisfied." In December 1871, Margaret Miller assigned her mortgage to Wallace De Witt, Esq.

The auditor, amongst other things, reported:— * * *

"Mr. De Witt alleges that at the time he purchased this mortgage he examined the records and found the satisfaction referred to entered on Mrs. Harris's mortgage, that he also found the judgment in her favor entered April 11th 1870, but had no knowledge that they represented the same debt. He therefore claims that he was a purchaser without notice; that as to him the Harris mortgage was extinguished by the satisfaction, and that Shoemaker cannot now avail himself in this distribution of the mortgage-security, but must be confined to the lien of his judgment, and consequently postponed to Mrs. Miller's mortgage. The correctness of this position depends upon the validity of the satisfaction of the Harris mortgage, and this presents the matter in controversy between the parties.

"As between Keziah E. Harris and her assignee, it is not contended that the satisfaction is of any binding effect. The assignment of the bond carried with it the mortgage-security and all the rights of the assignor under it. After assigning the bond, Mrs. Harris could not by any act of her own wipe out and destroy the security for its payment. So also as between Mrs. Harris or her assignee and Margaret Miller, the satisfaction is equally inoperative. The Harris mortgage was recorded nine days before that of Mrs. Miller, and at that time the position of the latter on the record became fixed. It was subsequent to the lien of the Harris mortgage, and Mrs. Miller could not obtain any superior rights or in any way advance the lien of her mortgage by taking advantage of the fraud of Mrs. Harris upon her assignee, and if Mrs. Miller could not set up the satisfaction in her favor, neither can her assignee. He stands in precisely the same position as she would be in were she herself the claimant. His rights were the same as hers—no greater, no less. The rule applicable to purchasers without notice does not apply to her case. He purchased an overdue obligation and took no better title therein than his assignee held. This seems to the auditor so clear that there is no necessity for further argument, and he has therefore awarded the balance of the fund remaining in full, $346.53, to Mr. Shoemaker."

Exceptions were filed to the report.

The court (Pearson, P. J.) overruled the exceptions and decreed distribution according to the report of the auditor.

De Witt appealed to the Supreme Court, and assigned the decree of the court for error.

[De Witt's Appeal.]

*W. De Witt*, appellant *p. p.*—Shoemaker should have taken an assignment of the mortgage and recorded it to give notice to third parties: Phillips *v.* Bank, 6 Harris 402 ; failing to do this, the satisfaction was binding on him as respects third parties without notice: Gaullagher *v.* Caldwell, 10 Harris 300 ; James *v.* Johnson, 6 Johns. C. R. 432 ; Mott *v.* Clark, 9 Barr 399 ; Fisher *v.* Knox, 1 Harris 623 ; Eagle Beneficial Society's Appeal, 25 P. F. Smith 226 ; Wood *v.* Reynolds, 7 W. & S. 406 ; Swartz *v.* List, 13 Ohio 419 ; Eby *v.* Scofield, 35 Barb. N. Y. 33.   To put a party on inquiry, so as to amount to constructive notice, there must be some act or declaration from an authentic source: Jaques *v.* Weeks, 7 Watts 267 ; Maul *v.* Rider, 9 P. F. Smith 167 ; York Bank's Appeal, 12 Casey 458.   No inquiry for encumbrances beyond what the record shows is necessary : Magaw *v.* Garrett, 1 Casey 319 ; Smith's Appeal, 11 Wright 129 ; Speer *v.* Evans, Id. 144 ; Goepp *v.* Gartiser, 11 Casey 133.   The record showing the mortgage satisfied, a third party was not bound to make inquiry about private arrangements: Mode's Appeal, 6 W. & S. 284 ; Randolph's Appeal, 5 Barr 245.   Even if the record showed that the bond was for the same debt as the mortgage, the purchaser of the subsequent mortgage would be justified in assuming that he had given up the lien of the mortgage and relied on the judgment : Morris *v.* Brady, 5 Whart. 541.   He cited also, on the point of not being bound to go beyond what appeared on the record, Bear *v.* Patterson, 3 W. & S. 233 ; Mehaffy's Appeal, 7 Id. 200 ; Mann's Appeal, 11 Barr 25 ; Ridgway's Appeal, 3 Harris 181 ; Coyne *v.* Souther, 1 P. F. Smith 455.

*J. H. Weiss*, for appellee.—As the assignment of the bond carried the mortgage with it, 1 Hilliard on Mortgages 241, 1 Madd. Ch. 425, and would carry the lien of the judgment back to the time of recording the mortgage, Moore *v.* Cornell, 18 P. F. Smith 320, Shoemaker was not required to do more than have the assignment of the judgment noted on the record.   The entry of satisfaction by Mrs. Harris afterwards was void.   De Witt had constructive notice that the judgment was on the same bond secured by the mortgage, for the judgment having been obtained by suit, the papers, entries, &c., in the suit would show it ; certainly so much as to put him upon inquiry : Jaques *v.* Weeks, 7 Watts 267.

Mr. Justice WILLIAMS delivered the opinion of the court, October 12th 1874.

The land, out of which the fund in controversy arose, was, among other liens, subject to two mortgages.   The first to Mrs. Harris, recorded July 6th 1869, was given to secure the payment of a bond for $700 ; and the second to Mrs. Miller, recorded July

15th 1869, was for $750. On the 8th of November 1869, Mrs. Harris brought suit on the bond for which the first mortgage was given, and on the 11th of April 1870, obtained judgment for $484, the balance due thereon, and the same day assigned the judgment to the appellee. On the 5th of December 1871, she acknowledged satisfaction of the mortgage by an entry on the margin of the record. Sometime thereafter, during the month of December 1871, Mrs. Miller assigned her mortgage to the appellant. The court below distributed the money to the judgment of the appellee. The appellant insists that it should have been applied to the mortgage assigned to him.

If the fund is to be distributed according to the priority of the lien, the court was clearly right in appropriating it to the judgment assigned to the appellee. The assignment of the judgment transferred the right to the mortgage by which it was secured : Moore v. Cornell, 18 P. F. Smith 320 ; and both securities being for the same debt, the lien of the judgment necessarily relates back to the date of the lien of the mortgage : McCall v. Lenox, 9 S. & R. 310 ; Bury v. Gieber, 5 Barr 431 ; Hartz v. Woods, 8 Id. 471 ; Commonwealth v. Wilson, 10 Casey 63. The entry of satisfaction of the mortgage by the mortgagee, after the assignment of the judgment, did not discharge the mortgage security, so far as respects the assignee of the judgment : Roberts v. Halstead, 9 Barr 32 ; nor did it abridge or impair the lien of the judgment. It was a fraud upon the rights of the assignee as the owner of the mortgage-debt, and the subsequent mortgagee not being prejudiced by it, could derive no benefit or advantage from it. The lien of her mortgage remained the same after the entry as before. It was still subordinate to the prior lien of the judgment. The entry of satisfaction was a nullity, so far as it respects the assignee of the judgment and the subsequent mortgagee ; and the latter was in no better or worse position after it was made than before. What then is the condition of the appellant ? Has he any greater right or equity than the mortgagee had when she assigned the mortgage ? It is clear that he has not, if he had notice of the fraud, or of such facts as would have led to its knowledge, if proper inquiry had been made. If he purchased the mortgage with the knowledge, or with the means of knowing that the prior mortgage had been fraudulently satisfied, he stands in no better position than the mortgagee, and can claim no greater right or equity than she had. Even if the appellee was guilty of negligence in not taking an assignment of the mortgage, by which his judgment was secured, and entering it of record, the appellant is not in a position to take advantage of his laches, if he knew, or had the means of knowing, that the entry of satisfaction was fraudulent and void. Undoubtedly negligence in the enjoyment of property or the exercise of a right, is cause of redress in equity or at law ; but not if there has

[De Witt's Appeal.]

been supineness or culpable remissness on the other side: Fisher *v.* Knox, 1 Harris 622. Had the appellant then the means of knowing that the satisfaction of the mortgage was a fraud on the appellee? And was he guilty of supineness in not ascertaining the facts by due and proper inquiry? The assignment of the judgment was entered of record. The judgment docket was notice of the judgment. It is true that the appellant was not bound to look beyond the judgment docket in order to ascertain the date and amount of the judgment: Bear *v.* Patterson, 3 W. & S. 233; Mehaffy's Appeal, 7 Id. 200. But the appellant knew, or ought to have known, that while the lien of a judgment ordinarily runs only from its date, yet if it is founded on a statutory lien or mortgage-debt; its lien relates back to the date of the lien of the claim or mortgage by which it is secured. As the judgment docket sets forth only "the names of the parties, the term and number of the case, and the date and * * * the amount of the judgment," it was the duty of the appellant to examine the record of the judgment in order to ascertain its lien. If he had done so, he would have seen from the copy of the bond filed, upon which the suit was brought, that it was a mortgage-bond, and that the stamp-tax payable thereon, without which it would have been void, was paid on the mortgage, and consequently that the lien of the judgment ran back to the lien of the mortgage: Hartz *v.* Woods, *supra*. The examination of the mortgage index would have shown him not only the mortgage in which the identical bond, on which the judgment was obtained, is recited, and the date of its record, but the further fact that it was satisfied by the mortgagee more than a year and a half after she had parted with her interest in the mortgage debt and had ceased to have any interest in the security. The records, which it was his duty to examine, were constructive notice not only of the prior lien of the judgment, but of the fraudulent satisfaction of the mortgage. The appellant had the means of knowing the facts, and if he purchased the mortgage without making proper examination and inquiry, he was guilty of culpable supineness, and has no equity to postpone the prior lien of the appellee or to estop him from claiming the fund.

This view of the case renders it unnecessary to consider whether it was the duty of the appellee to take an assignment of the mortgage, by which his judgment was secured, and enter it of record. If he was guilty of no laches in this respect, the case is all the stronger against the appellant. But if he was, the latter is entitled to no redress, for he had constructive notice of the appellee's ownership of the mortgage and its fraudulent satisfaction.

Decree affirmed at the costs of the appellant.