# Elton Morris *v.* James A. Campbell and William W. Ker, Appellants.

*Mortgage—Bond—Judgment—Sheriff's sale—Divesting lien of mortgage.*

A judgment entered upon a bond accompanying a mortgage relates back to the date of the mortgage, and a sheriff's sale under such judgment discharges the lien of the mortgage and all subsequent liens and titles.

A person who takes title to real estate subject to a mortgage cannot,

after he has allowed the interest on the mortgage to remain unpaid for a period longer than the time limit provided by the mortgage, be allowed to complain that judgment on the bond accompanying the mortgage was entered up and the property sold without notice to himself.

Argued Feb. 21, 1898. Appeal, No. 279, Jan. T., 1896, by defendants, from judgment of C. P. Pike Co., Oct. T., 1894, No. 4, on verdict for plaintiff. Before Sterrett, C. J., Green, Williams, Mitchell, Dean and Fell, JJ. Affirmed.

Ejectment. Before Purdy, P. J.

The facts appear by the opinion of the Supreme Court.

Defendants' point and the answer thereto among others were as follows:

7. Under all the evidence in this case, the verdict of the jury should be for the defendants. *Answer:* That is refused. [21]

The court charged in part as follows:

[As we view the law applicable to this case, the plaintiff in this case is entitled to recover in this action the land described in this writ, if this bond was executed by Brantley contemporaneously with and as security for the purchase money, and is the instrument mentioned in the mortgage which was given at that time, and that question we leave to you. You have the bond and mortgage.] [22] We have read those portions contained in the two instruments so far as they enable you to determine the reference of one to the other, and the plaintiff in this action has called Mr. Rinehart, who testifies that this bond is the same instrument which was executed at that time, and that it was executed by Mr. Brantley at that time and delivered to him contemporaneously with that mortgage. If you find that fact, your verdict will be for the plaintiff in this case, for the land described in the writ. If you shall not find that as a fact; if this bond is not the one referred to in this mortgage; if it was not given contemporaneously with that mortgage for the purchase money in the mortgage, then the defendants would be entitled to your verdict in this case.

Verdict and judgment for plaintiff. Defendants appealed.

*Errors assigned* among others were (21, 22) above instructions, quoting them.

*William W. Ker*, with him *S. Holmes*, for appellants.—When the judgment was entered, Brantley had no interest in the land; he had parted with his title; the defendants were the owners in fee simple. The court below erred in deciding that the judgment related back to the mortgage, and that the sheriff's sale under the judgment divested the title of the defendants: Act of March 21, 1772; Ridgway v. Longaker, 18 Pa. 215; Bittinger's App., 6 W. N. C. 231.

Apart from the legal question involved, there is a moral and, perhaps, an equitable one. The plaintiff had control of the mortgage; he had control of the bond; he had control of the judgment and sale, and he is responsible for its direction. He knew that the defendants did not reside in Pike county. He knew, or had reason to know, that the defendants had no notice of what he was doing to acquire title for himself. He knew, or ought to have known, that the defendants had paid off the first mortgage, had paid other consideration for the property, and had expended a large amount of money in building roads and other improvements to and upon it. To reverse the judgment of the court below, on any ground or reason will be no hardship to the plaintiff, because he still has his mortgage.

*C. W. Bull*, for appellee.—Upon entering judgment on this bond, accompanying the mortgage given by Brantley to Rinehart, the lien of the judgment relates back to the date of the lien of the mortgage, and a sale thereunder discharges the lien of said mortgage and all subsequent liens or titles: McCall v. Lenox, 9 S. & R. 302; Hartz v. Woods, 8 Pa. 471; Bury v. Sieber, 5 Pa. 431; West Branch Bank v. Chester, 11 Pa. 282; Clarke v. Stanley, 10 Pa. 472; Com. v. Wilson, 34 Pa. 63; DeWitt's App., 76 Pa. 283; Moore v. Cornell, 68 Pa. 320.

A writ having issued and sale thereunder by the sheriff, return to court and deed acknowledged in open court, the same cannot be questioned in this case: Hageman v. Salisberry, 74 Pa. 280; Hoffa v. Morter, 82 Pa. 291; McFee v. Harris, 25 Pa. 102; Spagg v. Shriver, 25 Pa. 282; Shields v. Miltenberger, 14 Pa. 76.

OPINION BY MR. JUSTICE GREEN, July 21, 1898·

The defendants took their title by a deed dated October 31, 1892, and in that deed it was expressly stated that the title

was subject to a mortgage to secure the payment of $3,600 in favor of William R. Rinehart, given by William F. Brantley, dated January 6, 1891. As this mortgage was given less than two years before the conveyance to the defendants it was a very recent transaction, all the particulars of which must necessarily have been known and considered by the defendants at the time they received their deed. They were of course legally bound to know everything that was contained in the mortgage as it appeared at the time it was placed upon record, which was January 9, 1891. On the face of the mortgage as recorded was a full recital of the bond which the mortgage was given to secure, and, as there recited, the bond was a bond given by William F. Brantley to William R. Rinehart in the penal sum of $7,200 conditioned for the payment of $3,600 five years after the date thereof, with interest thereon payable annually, with a condition that if default was made in the payment of interest for sixty days after any payment of interest should fall due, the principal sum should thereupon become due and payable. When they bought the property the defendants knew that they were to pay the interest as it became due on this mortgage and the time at which it fell due, and they also knew that if they failed to pay it for sixty days after it fell due they would be in default, and the whole principal sum would thereupon become due and payable. It was clearly their duty, therefore, to pay the interest on this bond within sixty days after it matured, or to take the consequences of a failure to pay. While it is not a matter of any consequence, so far as their legal duties and responsibilities are concerned, whether they were specially called upon for the payment of the interest due on January 6, 1894, it is alleged in the counter-statement, and not denied by the defendants, that they were notified by mail on March 1, 1894, that payment of the overdue interest was required to be made, and that they replied by letter promising to pay it not later than the 15th of the same month. As they did not keep the promise, judgment was entered on the bond, execution issued and the property was sold, but not until May 25, 1894, almost five months after the interest payment fell due. It is also alleged in the counter-statement, and not denied, that the defendants knew of the sale before it took place and wrote a letter to Mr. Rinehart's attorney on April 30, 1894, inquiring for particulars

as to the sale, and the information was promptly given. It is also alleged in the counter-statement, and not denied, that James A. Campbell, one of the defendants, was represented at the sale by an attorney from Philadelphia, and at his request the sale was adjourned for an hour to enable him to communicate by telegraph with his client, and that the attorney bid at the sale on the property, but the property after several bids were made was struck off to Rinehart, he being the highest bidder.

The question whether the bond upon which the judgment was entered was the same bond which the mortgage was given to secure was carefully and correctly submitted to the jury, who found that it was, and it is plain upon the least examination of the testimony of identification that they could not possibly have found any other verdict on that question. The only remaining question in the cause is, whether the lien of the judgment related back to the date of the lien of the mortgage, so that a sheriff's sale under the judgment divested the lien of the mortgage. Upon this question there can be no doubt, under all our decisions. As long ago as McCall v. Lenox, 9 S. & R. 302, it was held that if a bond and warrant of attorney are given accompanying a mortgage, a sale of the land under a fieri facias and venditioni exponas issued on the judgment entered up under the warrant avoids a lease made by the mortgagor, after the mortgage, but before the entry of the judgment on the warrant. The ruling in this case has been followed ever since. In Hartz v. Woods, 8 Pa. 471, it was decided that a sheriff's sale under a judgment confessed for the interest accruing on a bond secured by mortgage, discharges the lien of the mortgage, although the defendant had previously to the judgment aliened the land, for it relates back to the lien of the mortgage; and this, though the mortgage is conditioned for the payment of the amount mentioned in the bond, and there is no express stipulation with respect to the interest in the mortgage. COULTER, J., delivering the opinion said : " If the debt on which the land was sold was also a debt secured by the mortgage then it was a matter of no consequence when Hassinger sold to Singer, because the lien of the judgment would run back to the lien of the mortgage, and, of course, carry the land with the sale, free from the lien of the mortgage." In this case a small judgment for some

interest only had been confessed many years previously, before a justice, a transcript was taken to the common pleas and a sheriff's sale made of the land to one from whom the defendant (terre-tenant) had title. A scire facias on the mortgage was, long after the prior sale under the judgment, brought against one who had title under the purchaser at the sale under the judgment, and he made defense that he had a good title divested of the mortgage, and it was in reference to that defense that the above-quoted comment was made.

A single further reference will be sufficient: West Branch Bank v. Chester, 11 Pa. 282. A sheriff's sale of mortgaged premises upon a judgment obtained for the interest due upon the mortgage debt, which debt was payable in futuro, effects a virtual foreclosure of the mortgage, extinguishes the equity of redemption in the mortgagor, transfers the legal estate still in him and divests the lien of the mortgage. The money raised by a sale on such judgment is brought into court attended by the lien of the mortgage, and the mortgagee will be entitled to it in preference to creditors whose liens intervene between the mortgage and the judgment for interest thereon. The interest is part of the substance of the mortgage debt—it belongs not to it by tacking—it is not an incident of the debt—but pro tanto it is the debt itself. A very elaborate opinion was prepared and filed in the court below, in which the whole subject was discussed in the most exhaustive manner. The question was new and of very grave importance in view of the peculiar circumstances in which it arose, and the opinion of the lower court, holding that the whole title passed under the sale on the judgment, was fully approved and adopted.

The foregoing decisions have been selected out of many because they are much stronger illustrations of the doctrine in question than are required by the facts of the present case. In those cases the judgments were recovered for arrears of interest only, while here the judgment was for the full amount of the debt, principal and interest, and, therefore, the very identical debt in its entirety which was secured by the mortgage was included in the judgment. Further argument is unnecessary. Although there are numerous assignments of error they are all controlled by the question already considered. The assignments of error are all dismissed.

Judgment affirmed.