## Keene Home v. Startzell.

*Mortgage—Bond and warrant—Judgment—Affidavit of ownership—Act of April 23, 1903, P. L. 261.*

1. Where a judgment is entered on a warrant of attorney accompanying a bond and mortgage after the mortgagor has parted with his title to the real estate, it is not necessary in issuing execution on the judgment to file an affidavit of ownership as provided by the Act of April 23, 1903, P. L. 261. The writ of execution in such a case is not a writ within the intendment of the act, inasmuch as it is the entry of the judgment and not the execution which charges the land with the mortgage debt.

2. A judgment entered upon a bond and warrant of attorney accompanying a mortgage creates a lien upon the mortgaged premises, no matter who may be the owner of them at the time of the entry of the judgment. The lien of such judgment relates back to the day the mortgage was recorded, and a sale upon it discharges the lien of the mortgage.

Argued Jan. 9, 1912. Appeal, No. 238, Jan. T., 1911, by Charles E. Griffith and Katherine L. Dallas, from judgment of C. P. No. 3, Phila. Co., June T., 1910, No. 911, awarding possession in case of The Keene Home v. Edward Startzell. Before BROWN, MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition to deliver possession.

FERGUSON, J., stated the facts to be as follows:

"This is a citation to deliver possession to a purchaser at sheriff's sale under the Act of April 20, 1905 (P. L. No. 239). The citation was directed to Anna M. Griffith as the person in possession who has filed an answer, as has also Katherine L. Dallas who was permitted to intervene. The petition for citation avers that the petitioner acquired title by purchase at a sheriff's sale held in August, 1910; that the sale was upon a writ of venditioni exponas issued upon a judgment entered against Edward Startzell on a bond and warrant of attorney in a proceeding in which The Keene Home, a corporation, was plaintiff; that the bond and warrant of attorney were for the same debt as that secured by an indenture of mortgage of the real estate executed by the said Startzell to Robert Pitts and by assignments the said mortgage became vested in the said Keene Home. The petition further avers that Anna M. Griffith came into possession through a title derived from the said Startzell and refuses to deliver possession to the petitioner. The answers filed by Anna M. Griffith and Katherine L. Dallas deny the averments of the petition, but an examination of the answers discloses that the denial is not such a denial of the facts alleged in the petition as an assertion of a conclusion of law that the petitioner did not acquire title by the sheriff's sale referred to. The answers further set up that Anna M. Griffith is not in possession of the premises, but that Katherine L. Dallas acquired title thereto in May, 1909, and is the owner and that Charles E. Griffith, the husband of Anna M. Griffith, is now the occupant of the premises under a verbal lease from the said Katherine L. Dallas. They also aver that Edward Startzell was not the owner of the premises at the time the judgment was entered upon the bond and warrant and that no notice was given to Katherine L. Dallas, Anna M. Griffith or Charles E. Griffith of the pro-

ceedings upon the bond. The respondents therefore pray that a trial by jury be awarded to determine the question of fact raised by the petition and answers.

"The placing of the petition and answers upon the list for argument is an admission on the part of the petitioner that all relevant facts averred in the answers are true, and an admission by the respondents that all facts averred in the petition and not denied in the answers are likewise true. It is conceded by both sides therefore that the following facts are fixed: The bond and warrant upon which judgment was entered accompanied a mortgage of the real estate; Edward Startzell, the defendant, had parted with the title before the judgment was entered; Katherine L. Dallas was the holder of the fee, subject to the mortgage at the time the judgment was entered; no notice of the execution was given to Anna M. Griffith, Katherine L. Dallas or Charles E. Griffith; and Charles E. Griffith is now occupant of the premises under a verbal lease from Katherine L. Dallas."

The Court refused the prayer of the petition on the ground that Anna M. Griffith was not in possession, but gave petitioner leave to amend, whereupon an amended petition was filed for a citation upon Charles E. Griffith, one of appellants, to which petition answers were filed by both appellants denying the title of the petitioner, or the validity of the sheriff's sale, setting forth that Katherine L. Dallas, the real owner, had had no notice whatever of the proceedings and had not been made a party thereto, as required by the Acts of July 9, 1901, P. L. 614, and April 23, 1903, P. L. 261, and that the premises were occupied by Charles E. Griffith under verbal lease from Katherine L. Dallas.

The Court entered judgment of possession on this petition and answers against Charles E. Griffith, to which judgment an exception was taken and filed, and from which judgment this appeal is taken.

*Error assigned* was the judgment of the court. ． ·

*C. W. Van Artsdalen,* for appellants. ．　　·

*John G. Johnson,* with him *Kinley J. Tener,* for appellee.　　·

PER CURIAM, February 19, 1912:

The real estate which is the subject of this controversey was sold at sheriff's sale upon an execution .issued on a judgment entered upon a bond and warrant accompanying a mortgage. When the judgment was entered, Startzell, the mortgagor and the obligor in the bond, had parted with his title to the property, and it was sold by the sheriff without notice to the owner of it. The contention of the appellants is that no title passed to the sheriff's vendee, because of a failure to comply with the following provision of the act of April 23, 1903, P. L. 261: "The plaintiff in any writ of ejectment, in any writ of summons to recover upon a ground-rent deed, or to recover any sum charged upon real property by will or deed, in any writ of scire facias sur mortgage, or in any writ to charge particular land with the payment of a particular debt running with the land, or some person on his behalf, shall file with his praecipe an affidavit setting forth, to the best of his knowledge, information and belief, who are the real owners of the land charged, or in the action of ejectment are claimants thereof, as the case may be; and all such persons shall be made parties to the writ, which shall then be served by the sheriff as follows."

A judgment entered upon a bond and warrant of attorney accompanying a mortgage creates a lien upon the mortgaged premises, no matter who may be the owner of them at the time of the entry of the judgment. The lien of such judgment relates back to the day the mortgage was recorded, and a sale upon it discharges the lien of the mortgage: Morris v. Campbell, 186 Pa.

589. When Dallas, the appellant, took title, she had record notice that the mortgage which bound her property had been accompanied by a bond upon which judgment might be entered at any time against Startzell, the obligor in it, without notice either to him or to her, for neither was entitled to such notice. After the judgment was entered no writ was issued to recover any sum charged upon the property or to charge it with the payment of any particular debt running with it. Neither the fi. fa. nor vend. ex. charged the land with the mortgage debt. It was so charged by the entry of the judgment, and the writ of execution subsequently issued thereon was clearly not a writ within the intendment of the act of 1903. The court below correctly so held, and the judgment for the petitioner below, for possession of the property, is affirmed.