## Hostetter's Petition.

*Mortgage—Lease—Priority of lien—Act of April 20, 1905, sec. 14, P: L. 239.*

The right of possession of a tenant for years of real estate is not paramount to that of a purchaser at a sheriff's sale, where the lease to the tenant precedes in point of time the entry of a judgment upon a mortgage bond under which the sale was made, but is subsequent to the recording of the mortgage securing the bond and covering the premises in dispute. Section 14 of the Act of April 20, 1905, P. L. 239, does not change the law as to such priority of the purchaser.

Argued April 16, 1914. Appeal, No. 78, April T., 1914, by D. Herbert Hostetter, from order of C. P. Allegheny Co., Oct. T., 1913, No. 897, dismissing proceedings to obtain possession of real estate In re Petition of D. Herbert Hostetter, Guardian of Theodore R. Hostetter, Jr. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Petition for proceedings under the act of April 20, 1905, P. L. 239, to obtain possession of real estate. Before DAVIS, J.

The case was heard on petition and answer.

The material facts are stated in the opinion of the Superior Court.

*Error assigned* was order dismissing the proceedings.

*Francis R. Harbison,* with him *Watson & Freeman,* for appellant.—The construction which the lower court placed upon sec. 14 is contrary to the clearly expressed intention of the act. It wholly ignores the provision that the letting "also shall precede the recording . . . . of the mortgage . . . . if any, through which by legal proceedings the purchaser derives title." The sale had on the judgment upon the bond and warrant of attorney accompanying the mortgage was a legal proceeding by which the appellant derived title through the mortgage, recorded prior to the appellees' lease, and creates title with right of possession in the appellant paramount to that of the appellee: Schall v. Miller, 3 Wharton, 250; DeWitt's App., 76 Pa. 283; Boyer v. Webber, 22 Pa. Superior Ct. 35; McCall v. Lenox, 9 S. & R. 302; Clarke v. Stanley,. 10 Pa. 472; Dowingtown B. & L. Assn. v. McCaughey, 1 Chester Co. Rep. 504.

*F. S. Bennett,* of *Bennett & Benn,* with him *W. E. Fulton,* for appellee.—The proceedings were properly dismissed: Morris v. Campbell, 186 Pa. 589; Brown v. Neal, 54 Pitts. L. Journal, 58; McCall v. Lenox, 9 S. & R. 301; Fleming v. Parry, 24 Pa. 47; Neal v. Dempster, 179 Pa. 569; Kean Home v. Startzell, 235 Pa. 110.

OPINION BY ORLADY, J., July 15, 1914:

This is a proceeding by a sheriff's vendee to obtain possession of real estate under the Act of April 20, 1905, P. L. 239. Section 14 of the act is as follows: "The right of possession of a tenant for years shall be deemed paramount to that of a purchaser at a judicial sale, if, and only if the letting to him shall precede in point of date the entry of the judgment, order or decree on which such sale was made, and also shall precede the recording or registering of the mortgage, deed and will, if any, through which by legal proceeding the purchaser derives title, unless the letting is made with actual notice to such tenant of the contemplated entry of such

judgment, order or decree, or of the fact of the execution of such mortgage, deed or other instrument of writing, and with intent to void the effect thereof."

The pertinent facts are: A. A. Crabbs on December 8, 1908, executed and delivered to the petitioner a mortgage on the real estate involved, and gave an accompanying bond in the sum of $7,000. The mortgage was duly recorded on December 22, 1908. A judgment was entered on the bond on June 19, 1913, by virtue of a warrant of attorney which recited that "This bond is secured by the mortgage of the same date and recorded in the Recorder's Office of Allegheny County, Penna., in Mortgage Book, vol. 1333, on p. 676." This was notice that the suit was founded on a mortgage debt secured by a mortgage upon the land on which it was a lien. A writ of fieri facias was issued upon the judgment so entered and the real estate pledged by the mortgage was sold by the sheriff, and his deed duly acknowledged was delivered on July 28, 1913, to the petitioner as the purchaser. On March 8, 1913, Crabbs, while owner and mortgagor of the real estate demised the premises by a written lease to J. Alexander & Son, the respondent in this proceeding, for the term of five years from April 1, 1913, at the quarterly rental of $225, payable in advance.

On August 8, 1913, as provided by sec. 10 of the act of April 20, 1905, the respondent attorned as tenant, in writing to the petitioner under the terms of his lease with Crabbs. The court below held that the tenant had a right paramount to the right of the petitioner and dismissed the proceeding. In construing the act of 1905, the court below held that its language signified an intention to change the rule in such cases which had been well settled, and universally followed since McCall v. Lenox, 9 S. & R. 301, viz.: "If a bond and warrant of attorney be given accompanying a mortgage, a sale of the land under a fieri facias and venditioni exponas issued on the judgment entered up under the warrant,

avoids the lease made by the mortgagor, after the mortgage, but before the entry of the judgment on the warrant." In Morris v. Campbell, 186 Pa. 589, the rule is stated to be, "A judgment entered upon a bond accompanying a mortgage relates back to the date of the mortgage, and a sheriff's sale under such judgment discharges the lien of the mortgage and all subsequent liens and titles. A person who takes title to real estate subject to a mortgage cannot after he has allowed the interest on the mortgage to remain unpaid for a period longer than the time provided by the mortgage, be allowed to complain that judgment on the bond accompanying the mortgage was entered up and the property sold without notice to himself." That there was no change effected by the act of 1905 is shown by Keene Home v. Startzell, 235 Pa. 110, decided in 1912, in which the rule declared in Morris v. Campbell is repeated, "The lien of such judgment relates back to the day the mortgage was recorded, and a sale upon it discharges the lien of the mortgage." All the provisions of the act of 1905 must be considered, and the condition following the words "and also" is just as imperative as the one which precedes them. The words "legal proceedings" must be construed to embrace every proceeding brought in a court of justice by which the purchaser acquires title to land through a mortgage, deed or a will. The lessee was bound to know of the existence of the mortgage record: Boyer v. Webber, 22 Pa. Super. Ct. 35. While the lien of a judgment ordinarily runs only from its date, yet if it is founded on a statutory lien or a mortgage debt, its lien relates back to the date of the lien of the claim or mortgage by which it is secured. Where the bond upon which the judgment is entered is shown to have been accompanied by a mortgage, it is notice that the lien of the judgment relates back to the lien of the mortgage: Dewitt's App., 76 Pa. 283. The sale on this judgment was a legal proceeding, flowing from the mortgage as its source, by which the land was

601, (1914).]                    Opinion of the Court.

divested from its lien, and that sale passed to the purchaser, a title to the land through the mortgage lien. The act was not intended to change the character of leasehold estates, from what the profession had theretofore given them. Such a thought is nowhere suggested in the title or the body of the statute, which is but declaratory of the law as settled by McCall v. Lenox, and restated in Keene Home v. Startzell. To hold otherwise would enable a mortgagor to execute a lease for a long term, capitalize the rent by a cash payment and make the real estate a burden to the mortgagee, instead of a security. The legislature did not intend to make such a proceeding possible.

The order is reversed and a procedendo awarded.