## Moore *v*. Schell et al.

Argued March 11, 1930.

Before Trexler, P.J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Graff, JJ.

*H. W. Hackenberg* and with him *Arthur L. Swartz* and *Edward Sayre Gearhart,* for appellant, cited: Clarion M. & P. Co. v. Hamilton, 127 Pa. 1; Glasgow v. Kann, 171 Pa. 262.

*H. W. Cummings,* of *Cummings & Gubin,* for appellee, cited: Boyer v. Webber, 22 Pa. Superior Ct. 35; Keene Home v. Startzell, 235 Pa. 110; Donnelly et al. v. McKean, 17 S. & R. 400.

Opinion by Gawthrop, J., April 18, 1930:

February 21, 1916, defendants gave one Thomas H. Rissel their joint bond and mortgage for $3,000. The mortgage covered real estate in Montour County where it was duly recorded on the day of its execution. November 8, 1916, the bond and mortgage were assigned to plaintiff, who recorded the assignment in Montour County November 11, 1916. May 5, 1925, plaintiff entered judgment by confession on the bond in Montour County and issued an execution thereon. September 24, 1925, the court struck off this judgment on the ground that plaintiff failed to file with the prothonotary a certificate of the precise residence of the judgment creditor as required by the Act of March 31, 1915, P. L. 39. July 5, 1928, Swartz, appellant, entered his judgment note for $507.84 against James S. Schell and Eleanor Schell, who was then sui juris and of full age, in Montour County. March 4, 1929, plaintiff brought a suit in assumpsit on the mortgage bond in the court of common pleas of Northumberland County and obtained judgment for $4,906.61. Upon this judgment he issued a writ of testatum fieri facias directed to the Sheriff of Montour County, under which the real estate covered by the mortgage was sold to plaintiff for $5,000. May 20, 1929, Swartz appellant, obtained from the court of common pleas of Northumberland County a rule on plaintiff and the sheriff of Montour County to show cause why the fund realized from the sale of the real estate, or so much thereof as might be necessary, should not be paid into court for distribution to and among the lien creditors of James S. Schell and Eleanor Schell in the order of the priority of liens against them. May 27, 1929, appellant also filed exceptions to the schedule of distribution and special return of the sheriff to the sale. September 3, 1929, the court below discharged the rule, dismissed the exceptions above mentioned and approved the schedule of distribution of the sheriff.

From that order and decree this appeal is taken.

Although appellant filed thirty-five separate assignments of error, he concedes in his supplemental brief that but two questions are presented by them: (1) Whether the judgment confessed in Montour County was a bar to the action brought on the bond in Northumberland County; (2) whether the lien of the testatum fieri facias, which was duly entered of record in the office of the prothonotary of the County of Montour on April 11, 1929, related back to the date of the lien of the mortgage and was a prior lien to appellant's judgment.

(1) The only effect of the entry of judgment on the bond by confession was to exhaust the authority conferred by the power of attorney to enter it: Osterhout v. Briggs, 37 Pa. Superior Ct. 169. The judgment was merely voidable at the instance of the defendant and the action of the court in striking it off did not affect the validity of the obligation. All that was adjudicated by the order striking off the judgment was that it was defective because it was entered in violation of the mandatory provisions of the statute. We know of no authority to the effect that the former judgment operated as a bar to a subsequent suit on the bond. Indeed such a rule would result in a rank injustice. Happily for appellee the law is settled to the contrary. A judgment, to be conclusive in a subsequent suit on the same cause of action between the same parties, must have been on the merits of the case. If the real merits of the action are not decided in the prior judgment, it is no bar. Where a former judgment is founded upon a lack of jurisdiction, a nonjoinder or misjoinder of parties, plaintiff or defendant, a misconception of the form of pleading, a formal or technical defect in the pleadings, or the like, or where the suit is discontinued, the plaintiff becomes nonsuit, the debt is not yet due, or there is a temporary disability of the plaintiff to sue, or the like, the judg-

ment will be no bar to another action: Pittsburgh Construction Co. v. Westside Belt Railroad Co., 227 Pa. 90; Roney v. Westlake, 216 Pa. 374; Weigley v. Coffman, 144 Pa. 489. The same rule is announced in 15 R. C. L. 982. As the merits were not involved in the order striking off the first judgment, a second action could be maintained on the bond.

(2) The remaining contention of appellant is that the lien under which the land was sold was junior to that of his judgment, because a testatum fieri facias is a lien upon real estate within the county where it shall be entered of record only from the date of its being docketed by the prothonotary of the county into which it is issued. (See Sylvester v. DeWitt, 34 Pa. Superior Ct. 205.) True the Act of June 16, 1836, P. L. 755, provides that the sheriff receiving a testatum writ of fieri facias shall deliver it to the prothonotary of his county, whose duty it is forthwith to enter the same on a docket provided for that purpose, and that every such writ shall be a lien upon the real estate of the defendants named therein, within the county where it shall be so entered, during five years from the date of such entry. But this contention overlooks the relation which exists between a bond and mortgage given for the same debt. It is a familiar rule that while the lien of a judgment ordinarily runs only from its date, yet if it is founded on a statutory lien or mortgage debt, its lien relates back to the date of the lien of the mortgage by which it is secured, and a sheriff's sale under such judgment discharges the lien of the mortgage and all subsequent liens and titles: Hostetter's Petition, 57 Pa. Superior Ct. 601; Boyer v. Webber, 22 Pa. Superior Ct. 35; Keene v. Startzell, 235 Pa. 110; Morris v. Campbell, 186 Pa. 589; O'Maley v. Pugliese, 272 Pa. 356; DeWitt's Appeal, 76 Pa. 283. Appellant is in no worse position than if the judgment on which the sale was made had been entered in Montour County by confession on the bond accom-

86

panying the mortgage on the date on which the testatum execution was docketed by the prothonotary. He knew, or would have known if he had examined the mortgage index of Montour County at the time of the entry of his judgment, that it was junior to that of appellee's mortgage. He is presumed to have known that the entry of a judgment on the bond accompanying the mortgage would relate back to the date of the lien of the mortgage. Although an inspection of the testatum writ of execution might not have identified the judgment on which it was issued with the mortgage, it would have led him to the prothonotary's office of Northumberland County where he would have seen from the copy of the bond filed in the suit in that county that it was the bond which accompanied the mortgage antedating his lien. There is nothing in the case to take it out of the rule followed in Hostetter's Petition, supra. As the sale was made under a judgment recovered on a bond accompanying the mortgage and the latter obligation was discharged and the proceeds of the sale were less than the debt, interest and costs, appellant, whose judgment was junior to the mortgage, was entitled to nothing. It follows that the order made by the learned president of the court below was correct.

The judgment is affirmed.