## In re SCHWARTZ.
### No. 16348.

District Court, W. D. Pennsylvania.
June 5, 1931.

Lewis M. Alpern, of Pittsburgh, Pa., for receiver.

A. E. Sloan, of Pittsburgh, Pa., for respondent.

Sachs & Caplan, of Pittsburgh, Pa., for judgment creditors.

SCHOONMAKER, District Judge.

The receiver in this case has filed petitions asking that Harry Szeinbach and Andrew E. Sloan, judgment creditors, be restrained from proceeding with the sale of certain real estate of the bankrupt on executions issued on judgments recovered in the state court. The judgments in these two cases were entered within four months from the date of the filing of the petition in bankruptcy on bonds accompanying mortgages, which were recorded more than four months prior to the date of filing the petition in bankruptcy. The execution creditors, by virtue of said judgments, were proceeding to sell the mortgaged real estate at sheriff's sale, when bankruptcy intervened. The receiver contends that these two judgments are void under section 67f of the Bankruptcy Act (11 USCA § 107 (f). The execution creditors claim that these two judgments are not void under the provisions of this statute, because the judgments, so far as concerns the mortgaged real estate advertised for sale, are in the enforcement of a valid pre-existing lien more than four months old.

The Supreme Court has held that it is the lien created by a levy or by a judgment that is invalidated by this section of the Bankruptcy Act, and that a judgment or a decree in enforcement of an otherwise valid pre-existing lien is not the judgment denounced by the statute, which is plainly confined to judgments creating liens. Metcalf v. Barker, 187 U. S. 165, 174, 23 S. Ct. 67, 47 L. Ed. 122; Straton v. New, 283 U. S. 318, 51 S. Ct. 465, 75 L. Ed. 1060, opinion filed April 20, 1931, by Mr. Justice Roberts.

Now, examining the judgments complained of in the instant case, we find that the judgment creditors entered judgment on bonds accompanying mortgages on real estate. The Pennsylvania courts, by a long line of decisions, have held that the lien of such a judgment on a bond accompanying a mortgage, relates back to the date the mortgage is recorded. McCall v. Lennox, 9 Serg. & R. (Pa.) 303; West Branch Bank v. Chester, 11 Pa. 282, 51 Am. Dec. 547; Keene Home v. Startzell, 235 Pa. 110, 83 A. 584; O'Maley v. Pugliese, 272 Pa. 356, 116 A. 308; Moore v. Schell, 99 Pa. Super. Ct. 81; De Witt's Appeal, 76 Pa. 283; Morris v. Campbell, 186 Pa. 589, 40 A. 1014, 65 Am. St. Rep. 880.

We have, in the instant case, two judgments by virtue of which the lien attached, so far as concerns the mortgaged real estate, not as of the day of the entry of the judgments, but as of the date of the recording of the mortgages; and such an action and such a judgment is, in Pennsylvania practice, a proceeding to foreclose the mortgage. The result of this situation necessarily is that the judgments complained of in the case at bar, so far as the mortgaged real estate is concerned, are merely judgments for the enforcement of valid pre-existing liens, and are not therefore judgments denounced by section 67f.

The motions on an injunction in this case will therefore be denied, and the preliminary injunction heretofore granted in this case will be dissolved. Orders may be submitted accordingly.