Moore's Case.

Argued October 13, 1938.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Paul Reilly,* for appellant.

*Howard M. Kuehner,* for appellee.

OPINION BY STADTFELD, J., December 16, 1938:

On October 28, 1935, Mary Moore executed and delivered her certain bond and warrant of attorney to William D. Reilly in the sum of $2,000, which was secured by a certain mortgage on premises at No. 111 West Seymour Street, Philadelphia, Pa. On January 27, 1937, Mary Moore was adjudicated a weak-minded person and appellant was duly appointed guardian of her estate by the Court of Common Pleas of Philadelphia County. By virtue of the warrant of attorney attached to the bond, judgment by confession was entered on May 3, 1938, in favor of William D. Reilly and against Mary Moore, notice having been given to Harry C. Davis, Jr., guardian. A writ of fieri facias was issued on May 5, 1938, and made returnable the first Monday of June (being June 6), 1938.

On May 23, 1938, counsel for Harry C. Davis, Jr., guardian, filed a suggestion of insanity or weak-mindedness of Mary Moore, which stated the adjudication, the appointment of a guardian and "that no leave has been obtained by the plaintiff from said Court of Common Pleas No. 4 of Philadelphia County to proceed against the property of said Mary Moore in its care, that the power of attorney to confess judgment used herein was suspended by said adjudication, and that notice of said matters is suggested of record for the protection of the property of said ward ......" A rule to strike the suggestion from the record was discharged.

On June 3, 1938, however, a petition for leave to proceed to foreclose nunc pro tunc was filed by plaintiff and a decree granting leave was entered by the court below. No notice or copy of the petition had been served upon appellant until June 8, 1938, five days after the decree and two days after the sheriff's sale.

Exceptions to the sale and to confirmation were filed on June 9, 1938. The sole assignment of error relates to the action of the court below in entering the decree granting leave nunc pro tunc to foreclose.

Appellant does not attempt to impeach collaterally the judgment entered, or contend that the warrant of attorney, authorizing the confession of judgment, signed by Mary Moore, presumably while sane, is revoked by the adjudication of Mary Moore as a weak-minded person. Nor does appellant contend that appellee has acquired an unjust preference, or any other substantive advantage. Appellant relies wholly on an alleged procedural irregularity arising from leave to foreclose obtained by appellee on an ex parte petition, after, rather than before, the issuance of the writ of execution.

The issue raised by the instant case is narrowly confined to the question of whether or not the decree of the court below granting leave nunc pro tunc to foreclose, should be set aside. It is conceivable that in certain instances, the granting of leave, may result in an injustice either to the incompetent's estate, or to his general creditors. Such would be the case where an unsecured creditor had obtained a judgment against the incompetent following the adjudication, and had then sought to obtain a preference by levying execution against the real or personal property of the incompetent's estate: *Eckstein's Estate,* 2 Penn. Law Journal, 138; *Wright's Appeal,* 8 Pa. 57. The opinion of the latter case stated, at p. 62: "If the creditors could, upon the finding of any person a lunatic by inquisition, be tempted into a scramble or race for the first judgment, under the idea of obtaining preferences, and could thus obtain preference, the whole system devised by the legislature with so much care, would be frustrated, and the constitutional provision be rendered abortive; for the lunatic's estate would be liable to the creditors according to the course of the common law and its process." This, however, is not the case here,

where appellee is a lien creditor secured by a mortgage executed by the mortgagor, while sane. With reference to such circumstances, Wright's Appeal, supra, held that judgments and mortgages obtained during sanity, or before lunacy found, are liens, and entitled to a preference, but all other debts attach equally, and have equal claims for payment. It is true that in the instant case, judgment was entered by confession under warrant of attorney, following the adjudication. Its lien related back to the date of the mortgage. *Keene Home v. Startzell,* 235 Pa. 110. Yet, this judgment is in no manner questioned. Indeed, appellant asserts that he does not seek to attack this judgment collaterally. His entire argument revolves about the question of execution, and, being supported by no revealed meritorious defense, relies entirely upon alleged procedural irregularities to sustain his position. To agree is to sacrifice substantive rights to form, and to endanger appellee's just lien without real reason or cause shown. The court below, exercising its jurisdiction over the estate of the incompetent, found it within its discretion to grant leave to foreclose. Though such leave was granted by approval of the court subsequent to the issuance of the writ of execution, no real basis for setting aside the decree appears.

The instant case does not present the situation wherein the rights of a weak-minded person are left unprotected through failure of appointment of a guardian ad litem. On the contrary a guardian had been appointed and an opportunity to protect the interests of the estate in the litigation had been afforded. The guardian, appellant, however, has, so far as the record discloses, neither disputed the judgment, nor sought to restrain execution after filing the suggestion of insanity or weak-mindedness. Moreover, in the face of the decree of the court below, exercising its discretion in granting leave to foreclose, he has failed to disclose any meritorious defense, or any equities in favor of the estate,

or that there is any prospect of redeeming the mortgaged premises. On such a record it must be held that there is a showing neither of abuse of discretion on the part of the court below in granting leave to foreclose, nor of reason to vacate the foreclosure sale.

Appeal dismissed.