## Smaller War Plants Corporation v. McCullough

*Edwin J. Feeny,* for plaintiff.

Bok, P. J., February 5, 1945.—This case involves the relative priority of a chattel mortgagee and subsequent wage claimants of the mortgagor in the proceeds of a sheriff's sale realized on a foreclosure of the chattel mortgage. The pertinent facts are undisputed and are as follows:

On March 5, 1943, plaintiff, Smaller War Plants Corporation, created by act of Congress, lent to defendant the sum of $30,000 secured by a chattel mortgage on defendant's plant, which mortgage was executed by defendant and duly recorded on March 5, 1943, in pursuance of the Act of July 15, 1936, P. L. 47, 21 PS §841. Thereafter, defendant defaulted in his obligation under the said mortgage, and plaintiff thereupon entered judgment by confession, as of the above court, term, and number, on the bond and warrant of

the said chattel mortgage. On August 13, 1943, damages were assessed in the sum of $29,823.37, and on the same day a writ of fi. fa. issued on the said judgment, on which writ the sheriff levied on the identical goods covered by the chattel mortgage.

On October 13, 1943, the day preceding the date fixed for the sheriff's sale on the said execution, counsel for a number of defendant's employes notified the sheriff's solicitor that he represented a group of wage claimants, who, he contended, were entitled to priority out of the proceeds of sale for payment of their wages under the Act of April 9, 1872, P. L. 47, 43 PS §§221, 224, and its supplements. These claims were for wages accruing after the recording of the said chattel mortgage. Each claim was for less than $200, and the aggregate amount of the claims was $2,405.55.

On October 14, 1943, the sheriff exposed the said chattels to public sale under the said writ, and they were purchased by plaintiff as the highest bidder for $18,000.

Plaintiff deposited with the sheriff the amount necessary to pay the sheriff's costs and fees and demanded that the sheriff execute a bill of sale to the plaintiff, crediting the judgment in this case with the $18,000 bid, less the said costs and fees. The sheriff, however, insisted that plaintiff deposit with him the additional sum of $2,405.55 to cover the aforementioned wage claims. This, plaintiff did. The sheriff thereupon executed a bill of sale to plaintiff and credited the judgment defendant with $15,521.83, representing the $18,-000 bid by plaintiff for the goods, less the sheriff's costs and fees and the said $2,405.55.

Plaintiff execution creditor then filed a petition on which we allowed a rule on the wage claimants to show cause why the said wage claims filed with the sheriff should not be stricken off and why the sheriff should not return the deposited fund of $2,405.55 to plaintiff. De-

fendant filed an answer to this petition, but by stipulation of counsel all the facts hereinbefore recited were admitted. This matter is now before us for determination on the said petition, answer, and stipulation.

We are of the opinion that the claim of plaintiff chattel mortgagee is entitled to priority over the claims of the wage claimants for the following reasons:

1. The chattel mortgage in this case was executed in pursuance of the Act of July 15, 1936, P. L. 47, 21 PS §841 et seq. This act expressly authorized the loan of funds "from the Government of the United States or any department, agency or instrumentality thereof". Plaintiff is such an instrumentality. The act further provided that the said loans "may be evidenced by a bond containing a confession of judgment secured by a chattel mortgage upon any chattel or chattels of any kind or description. Such mortgage shall be a lien against the chattel or chattels thereby conveyed, and shall be good and available in law against any subsequent purchasers or execution creditors upon the recording thereof . . ."

It is not important that the execution in this case was on the bond accompanying the mortgage rather than on the mortgage itself. It is a familiar rule in this State that, so far as property bound by a duly-recorded mortgage is concerned, the lien of an execution on a judgment on the bond accompanying the mortgage dates back to the date of the lien of the mortgage: Morris v. Campbell et al., 186 Pa. 589 (1898) ; Boyer v. Webber, 22 Pa. Superior Ct. 35 (1903) ; Moore v. Schell et al., 99 Pa. Superior Ct. 81 (1930).

2. Section 1 of the Act of April 9, 1872, P. L. 47, as amended, 43 PS §221, which confers on laborers and other employes enumerated in the act priority for wage claims, provides such priority only with respect to claims "for any period not exceeding six months preceding the sale or transfer of the real or personal property

[of the employer] . . . by execution or otherwise"; and provides further that such wage claims "shall be a lien upon the said real or personal property . . . to the extent of the interest of such employer or employers in the said property". It seems obvious that the chattel mortgage given by defendant to plaintiff in this case was a transfer of the mortgagor's property embraced by the chattel mortgage to the plaintiff-mortgagee within the meaning of the aforementioned language of the Act of 1872, and that thereafter subsequently accruing wage claims could not become a lien except to the extent of the mortgagor's equity of redemption. In this case, it is undisputed that all the wage claims accrued subsequent to the recording of the mortgage. Hence none of them existed "for any period . . . exceeding six months preceding the said . . . transfer of the . . . personal property".

3. The correctness of the foregoing construction of the act is further confirmed by the following proviso contained in section 4 of the Act of 1872, supra: ". . . no mortgage, or other instrument by which a lien is hereafter credited [created], shall operate to impair or postpone the lien and preference given and secured to the wages and moneys mentioned in the first section of this act: Provided, That no lien of mortgage or judgment entered before such labor is performed, shall be affected or impaired thereby." We consider this as a clear expression of legislative intent that mortgagees whose mortgages are duly recorded shall be entitled to priority over wage claims thereafter accruing. Although the said Act of 1872 has been amended in several respects, which are immaterial to the present controversy, by the Act of June 13, 1883, P. L. 116, the Act of June 3, 1887, P. L. 337, and the Act of May 12, 1891, P. L. 54, an examination of those acts clearly indicates that they amended only the first section of the Act of 1872 and that the fourth section thereof remains in full force and effect.

In Dunn v. Megarge, 6 W. N. C. 204 (1878), the court held that, by virtue of the said fourth section of the Act of 1872, a mortgagee on a foreclosure sale of the mortgaged premises was entitled to priority over wage claimants whose claims arose after the recording of the mortgage. In view of the fact that the Act of 1936, supra, which authorizes chattel mortgages to be taken by the United States Government or any instrumentality thereof, expressly provides that "such mortgage shall be a lien against the chattel or chattels thereby conveyed", we believe that it was the legislative intent to place such chattel mortgages on the same footing as mortgages on real estate. We are not impressed by counsel's argument that the lien of such chattel mortgages should not be considered valid as against wage claimants because the said act provides that the lien "shall be good and available in law against any subsequent purchasers or execution creditors", and then says nothing about wage claimants. We think that the Act of 1936 and section 4 of the Act of 1872 must be read together and that the phrase "no lien or mortgage or judgment entered before such labor is performed shall be affected or impaired thereby" in the said fourth section must now be construed as including chattel mortgages executed under the Act of 1936 as well as mortgages secured on real estate.

Counsel for the wage claimants has called our attention to the fact that, by virtue of other executions issued on the judgment in this case, additional sums have been realized by the execution creditor and that there is possibility there may be a surplus of proceeds over and above the amount necessary to satisfy the claim of the plaintiff-mortgagee. For this reason, we will not strike off the wage claims but will at this time enter only the following

### Order

1. It is adjudicated and decreed that, so far as the proceeds of the sale of any of the chattels covered by the

chattel mortgage given by the defendant to plaintiff is concerned, the plaintiff mortgagee is entitled to priority over the wage claimants herein.

2. The sheriff is directed to pay over to plaintiff the sum of $2,405.55 deposited by it to cover the aforementioned wage claims; defendant to receive credit for the said payment on account of said judgment.

3. This order is without prejudice to the right of the wage claimants to reassert their claim for priority with respect to any property (if any) sold on the said execution not covered by the said chattel mortgage, or with respect to any funds in the sheriff's hands in excess of the amount due plaintiff on its said judgment.